EXHIBIT 2

1  Marjorie S. Fochtman, State Bar No. 143201
2  Paul R. Lynd, State Bar No. 202764
   David A. Kolek, State Bar No. 245330
3  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
4  San Francisco, CA 94111
   Telephone: (415) 984-8200
5  Facsimile: (415) 984-8300

6  Attorneys for Defendant
   CARGILL, INC.

7

8                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          IN AND FOR THE COUNTY OF ALAMEDA

10

11

12  JOE ESMOND,                              Case No.  HG 0706733

13                  Plaintiff,               NOTICE OF REMOVAL OF CIVIL
                                             ACTION UNDER 28 U.S.C. §§ 1332, 1441
14          vs.                              AND 1446 (DIVERSITY)

15  CARGILL, INC., dba Cargill Salt Co., Company,
    an entity, and DOES 1-20, inclusive,
16
                    Defendants.
17

18

19

20  TO PLAINTIFF AND HIS ATTORNEY OF RECORD, AND TO THE CLERK OF THE

21  SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF

22  ALAMEDA:

23          PLEASE TAKE NOTICE THAT Defendant CARGILL, INC. has filed a Notice of Removal

24  of Action under 28 U.S.C. §§ 1332, 1441, and 1446 in the United States District Court for the

25  Northern District, a copy of which is attached hereto as Exhibit A.

26          Pursuant to 28 U.S.C. § 1446(d), when a defendant files a Notice of Removal to federal court,

27  "the defendant or defendants shall give written notice thereof to all adverse parties and shall file a

28  copy of the notice with the clerk of such State court, which shall effect removal and the State court
    shall proceed no further unless and until the case is remanded." Accordingly, the Alameda County

NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL
TO FEDERAL COURT; CASE NO. HG 0706733

1    Superior Court no longer has jurisdiction over this action and all further proceedings must be

2    conducted in the federal court.

3    DATED: September 28, 2007

4

5

6

7

8                                                                        NIXON PEABODY LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____
     PAUL R. LYND
     Attorneys for Defendant CARGILL, INC.

EXHIBIT A

1  Marjorie S. Fochtman, State Bar No. 143201
2  Paul R. Lynd, State Bar No. 202764
   David A. Kolek, State Bar No. 245330
3  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
4  San Francisco, CA 94111
   Telephone: (415) 984-8200
5  Facsimile: (415) 984-8300
6  Attorneys for Defendant
   CARGILL, INC.
7
8
9
10                          UNITED STATES DISTRICT COURT

11                          NORTHERN DISTRICT OF CALIFORNIA

12

13  JOE ESMOND,                        Case No. _____

14                Plaintiff,           NOTICE OF REMOVAL OF CIVIL
                                       ACTION UNDER 28 U.S.C. §§ 1332, 1441
15         vs.                         AND 1446 (DIVERSITY)

16  CARGILL, INC., dba Cargill Salt Co., Company,
    an entity, and DOES 1-20, inclusive,
17
                  Defendants.
18

19         TO PLAINTIFF AND HIS ATTORNEY OF RECORD, AND TO THE UNITED STATES

20  DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

21         Defendant CARGILL, INC. ("Defendant") hereby gives notice of the removal of the above-

22  entitled civil action from the Superior Court of the State of California in and for the County of

23  Alameda to the United States District Court for the Northern District of California.

24         This action is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the

25  grounds that there is complete diversity of citizenship between Plaintiff JOE ESMOND ("Plaintiff"),

26  who at the time of the complaint's filing and the time of this removal was and is a citizen of the State

27  of California, and Defendant, who at all relevant times has been a citizen of the States of Delaware

28

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
§§ 1332, 1441 AND 1446 (DIVERSITY).

1    and Minnesota. Additionally, the amount in controversy exceeds the jurisdictional minimum of

2    $75,000.

## Removal Jurisdiction

3        1.        This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because

4    this action involves citizens of different states and the amount in controversy exceeds the sum of

5    $75,000, exclusive of interest and costs.

6        2.        Plaintiff commenced the above-entitled action against the removing party in the

7    Superior Court of the State of California in and for the County of Alameda on or about January 17,

8    2007, filing but never serving his initial Complaint. A copy of Plaintiff's initial Complaint filed on

9    or about January 17, 2007, along with the Civil Case Cover Sheet, is attached hereto as Exhibit A.

10        3.        On or about April 18, 2007, the state court issued and served upon Plaintiff's counsel a

11    Notice of Case Management Conference and Order, scheduling a case management conference for

12    June 4, 2007. A copy of this notice and order is attached hereto as Exhibit B.

13        4.        On or about May 15, 2007, the state court issued and served upon Plaintiff's counsel a

14    Notice of Case Management Conference and Order (Amended), in which it vacated the June 4, 2007

15    case management conference and rescheduled it for June 13, 2007. A copy of this notice and order is

16    attached hereto as Exhibit C.

17        5.        On or about May 16, 2007, Plaintiff filed a Case Management Conference Statement

18    with the state court. A copy of Plaintiff's May 16, 2007 Case Management Conference Statement is

19    attached hereto as Exhibit D. In his statement, Plaintiff requested a four-month continuance of the

20    case management conference and service deadlines on his Complaint. See Exh. D, p. 2.

21        6.        On or about June 4, 2007, Plaintiff filed another Case Management Conference

22    Statement with the state court. A copy of Plaintiff's June 4, 2007 Case Management Conference

23    Statement, with attachments, is attached hereto as Exhibit E. In his statement, Plaintiff again

24    requested a four-month continuance of the case management conference and service deadlines on his

25    Complaint. See Exh. E, p. 2.

26        7.        On or about June 7, 2007, Plaintiff's counsel filed a letter with the state court

27    requesting a continuance of the case management conference so that he could "file an amended

28

1  complaint before affecting service of process." A copy of Plaintiff's counsel's letter to the state court

2  is attached hereto as Exhibit F.

3

4       8.      On or about June 8, 2007, the state court issued and served upon Plaintiff's counsel a

5  Notice of Case Management Conference and Order (Amended), rescheduling the case management

6  conference from June 13, 2007 to October 11, 2007. A copy of this notice and order is attached

7  hereto as Exhibit G.

8       9.      On or about July 23, 2007, the state court issued and served upon Plaintiff's counsel a

9  Notice of Case Management Conference and Order (Amended), rescheduling the October 11, 2007

10  case management conference to a different time that day. A copy of this notice and order is attached

11  hereto as Exhibit H.

12       10.     On or about August 27, 2007, Plaintiff filed a First Amended Complaint ("FAC"), a

13  copy of which is attached hereto as Exhibit I, along with the Summons and Service of Process

14  Transmittal.

15       11.     On or about August 29, 2007, a copy of the FAC and summons was delivered to CT

16  Corporation, Defendant's registered agent in California. *See* Exh. I, Service of Process Transmittal.

17       12.     On September 27, 2007, Defendant filed an Answer to Plaintiff's FAC in the Superior

18  Court of the State of California in and for the County of Alameda, a copy of which is attached hereto

19  as Exhibit J.

20       13.     The filing of this Notice of Removal is timely as it has been filed within 30 days after

21  initial service of a Complaint and Summons, as required under 28 U.S.C. §1446(b).

22       14.     To Defendant's knowledge, the initial Complaint attached as Exhibit A, the Notices of

23  Case Management Conference and Order issued by the state court and served upon Plaintiff's counsel

24  attached as Exhibits B, C, G, and H, the Case Management Conference Statements filed by Plaintiff

25  and attached as Exhibits D and E, Plaintiff's letter to the state court attached as Exhibit F, the FAC

26  filed by Plaintiff attached as Exhibit I, and Defendant's Answer to Plaintiff's FAC attached as

27  Exhibit J constitute all of the state court pleadings, process, and orders to date.

28

15.    Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. §1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Alameda, as further required by that statute.

## Diversity Jurisdiction

16.    This action is a civil action over which the court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant under 28 U.S.C. §1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as demonstrated by the following:

17.    Defendant is informed and believes and thereon alleges that Plaintiff was at the time of the filing of this action, and still is, a citizen of the State of California residing in the County of Alameda. *See* Exh. I, FAC ¶ 1.

18.    Defendant was at the time of the filing of this action, and still is, a corporation. For the purposes of diversity jurisdiction, citizenship of a corporation is its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Minnesota.

19.    As Plaintiff and Defendant are citizens of different states, complete diversity of citizenship exists.

20.    This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied. Defendant discusses below the allegations in Plaintiff's FAC solely to demonstrate that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will recover on any of his theories.

21.    The court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant need only show by a preponderance of evidence that Plaintiff's claim exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

1

2      22.     That Plaintiff seeks damages in excess of $75,000 is facially apparent from the FAC.

3    Plaintiff seeks wages he has lost and continues to lose, alleged unpaid overtime, penalties, and related

4    employment benefits as measures of damages. See Exh. I, FAC, ¶¶ 6-7, 18-19, 25, 35-36, and Prayer

5    for Relief.

6      23.     Plaintiff's claim for unpaid overtime is in excess of $25,000. See Exh. A, FAC, ¶ 6-7.

7    (Plaintiff has asserted his claims are valued at over $360,000.) Plaintiff alleges that on June 30, 2006,

8    he was wrongfully discharged, in violation of an implied contract and the age discrimination laws and

9    that his compensation was $79,500. See Exh. I, FAC, ¶¶ 6, 47, 48, 56. Thus, the alleged lost wage

10   damages to date exceed $90,000, plus benefits.  In addition, Plaintiff seeks penalties under various

11   statutes, including California Labor Code Section 203 for 30 days' wages, totaling over $ 9,000, and

12   California Labor Code Section 226, totaling $4,000. See Exh. I, FAC ¶¶ 35, 41.

13      24.     Plaintiff also seeks attorney's fees. See Exh. I, FAC, ¶¶ 20, 27, 35, 50, and Prayer For

14   Relief. Attorneys' fees in wage claim or discrimination cases, such as alleged in the FAC, have been

15   found to be substantial. As has been noted in the Northern District: "[t]he court notes that in its

16   twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the

17   damages.  The court recognizes that the percentage of cases that ultimately go to trial is very small.

18   Nonetheless, plaintiff's claims are unlikely to be immediately resolved. While attorney's fees alone

19   would not necessarily exceed $ 75,000, when viewed in combination with alleged compensatory,

20   punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." See

21   Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

22      25.     Above and beyond his lost wages, employment benefits, unpaid overtime allegedly

23   earned, and attorneys' fees, Plaintiff also seeks punitive damages and damages for mental distress,

24   humiliation, and embarrassment. See Exh. I, FAC, ¶ 49 and Prayer for Relief. "Where both actual

25   and punitive damages are recoverable under a complaint each must be considered to the extent

26   claimed in determining jurisdictional amount." See Bell v. Preferred Life Assurance Society, 320

27   U.S. 238, 240 (1943). Plaintiff's claims for punitive damages, and alleged mental distress,

28   humiliation, embarrassment, and attorneys' fees reinforces the point that the amount in controversy

greatly exceeds the jurisdictional minimum of this Court.

26.   Defendant has therefore demonstrated that this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). The action is therefore properly removed to this Court. 28 U.S.C. § 1441(a).

## Venue

27.   Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) because the state court action was filed in this district, namely in Alameda County, California.

## Notice to State Court and to Plaintiff

28.   Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Alameda. The Notice of Removal is concurrently being served on all parties. A copy of the notice to the state court is attached hereto as Exhibit K.

WHEREFORE, Defendant respectfully gives notice that the above-entitled action now pending against it in the Superior Court of the State of California in and for the County of Alameda is removed to this Court.

DATED: September 28, 2007

NIXON PEABODY LLP

By: _____
PAUL R. LYND
Attorneys for Defendant CARGILL, INC.

EXHIBIT A

01/16/2007  15:00      4155930093           LAW OFFICE ( RV/PH        PAGE   04/12

1  RICHARD J. VAZNAUGH (SBN 173249)
   LAW OFFICE OF RICHARD J. VAZNAUGH
2  600 Harrison Street, Ste. 120
   San Francisco, California 94107
3  Tel: (415) 593-0076
   Fax: (415) 593-0093
4
5  Attorney for Plaintiff
   JOE ESMOND
6
7
8
9
10

11        JOE ESMOND,

12                            Plaintiff,

13              vs.

14        CARGILL, INC., dba Cargill Salt Co.
   Company, an entity, and DOES 1-20, inclusive
15
16
17                            Defendants.
18
19
20
21
22        Comes now Plaintiff JOE ESMOND who alleges against DEFENDANTS
23        CARGILL, INC., dba Cargill Salt Co. Company, an entity, and DOES 1-20, and each of them as
24        follows:
25
26        ///
27        ///
28        ///

**FILED BY FAX**
ALAMEDA COUNTY
January 17, 2007

THE CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
HG07306733

SUPERIOR COURT FOR THE COUNTY OF ALAMEDA

NORTHERN DIVISION

UNLIMITED JURISDICTION

Case No.:

COMPLAINT FOR

1)  FAILURE TO COMPENSATE FOR
    ALL HOURS WORKED
2)  VIOLATION OF LABOR CODE
    (OVERTIME)
3)  FAILURE TO PROVIDE
    ACCURATE ITEMIZED WAGE
    STATEMENTS AND MEAL TIMES,
    LABOR CODE §226 et seq.
4)  FAILURE TO PAY FULL WAGES,
    LABOR CODE §204
5)  WAITING TIME PENALTIES,
    LABOR CODE §203
6)  BUSINESS AND PROFESSIONS
    CODE §17200

Jury Trial Demanded

ESMOND v. CARGILL                    1                    COMPLAINT

## PARTIES

1)     PLAINTIFF JOE ESMOND (hereinafter, "Mr. ESMOND" or "PLAINTIFF")
was a resident of Alameda County, California.

2)     PLAINTIFF has informed and believes that DEFENDANT CARGILL does
business as CARGILL INC., dba Cargill Salt Co. is a corporation with substantial operations in
the county of Alameda and licensed and qualified to do business in the State of California.
(hereafter referred to as "CARGILL"). PLAINTIFF is informed and believes that CARGILL is
responsible in some way for the wrongs herein.

3)     The true names and capacities whether individual, corporate, associate, agent, or
otherwise, of the DEFENDANTS named herein as DOES 1 through 20 are unknown to
PLAINTIFF, who therefore sues said DEFENDANTS by such fictious names. PLAINTIFF is
informed and believes, and thereon alleges, each such fictitiously named DEFENDANTS is in
some way responsible for the acts and wrongs alleged in this complaint. PLAINTIFF will amend
this complaint to allege their true names and capacities. PLAINTIFF is informed and believes,
and thereon alleges, that each DEFENDANT is, and at all times herein mentioned was, the agent,
servant, and/or employee of all the other DEFENDANTS, and that each DEFENDANT was
acting at all times both within and outside of the scope of her or her agency and/or employment
and with the knowledge of her or her principal employer and/or co-DEFENDANTS.

4)     PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT
is, and at all times relevant was, the alter ego, successor corporation, owner, agent, servant,
and/or employee of all the other DEFENDANTS, and that each DEFENDANT was acting at all
times within the scope of his or her agency and/or employment and with the knowledge,
permission, consent, and ratification of his or her principal and/or co-DEFENDANTS. In the
alternative, PLAINTIFF is informed and believes and thereon alleges that each DEFENDANT
acted in its individual capacity in doing some or all of the acts alleged herein.

///
///
///

04/16/2007  15:00    4155930093    LAW OFFICE    RV/PH    PAGE  06/12

## FACTUAL ALLEGATIONS

5)    Mr. ESMOND was employed by DEFENDANT CARGILL, from approximately October 1978 until on or about June, 2006. During the period relevant to this litigation, Mr. ESMOND worked in a variety of capacities for CARGILL and during this time he spent much of his time performing such duties such as machining mechanical parts, overhauling equipment, invoicing, shop maintenance, welding, forklift maintenance, and operating various forms of equipment.

6)    During the last four years of his employment, Mr. ESMOND was paid on an annual salary basis of $68,000.00 to $79,500.00 per year. Mr. ESMOND worked substantial overtime during these periods. However, he was never paid time and a half or double time rates for this overtime or even straight time for hours in excess of 40 in a week or 8 in a day.

7)    Mr. ESMOND's unpaid overtime claim is well in excess of $25,000.00 and, this complaint is properly filed in this Court.

8)    At no time did DEFENDANTS maintain, or ask Mr. ESMOND to maintain, a record of his actual hours worked or his meal times. At no time was Mr. ESMOND informed that he was entitled to overtime pay or regular time pay for hours over 8 in a day or 40 in a week.

9)    In addition, Mr. ESMOND did not take regular ½ hour uninterrupted meal breaks, or regular rest breaks, and he was not advised that he was required to do.

10)    On or about June, 30, 2006, Mr. ESMOND was separated from his employment. However, Mr. ESMOND did not receive his final paycheck including all severance pay due. Instead, Mr. Tom Miller, a CARGILL Manager, gave Mr. ESMOND a "Separation Agreement and General Release" that required him to enter into certain agreements with the CARGILL, including releasing all claims known or unknown against CARGILL and entering into a strict confidentiality agreement. Even though Mr. Miller pursued him to obtain a signature, Mr. ESMOND did not return a signed agreement and about 30 days after his separation, Mr. ESMOND nevertheless received a payment from CARGILL that he is informed and believes constitutes his withheld severance pay.

11)  Plaintiff has demanded payment for the monies claimed herein but has not been compensated.

12)  Mr. ESMOND and CARGILL entered into a series of tolling agreements prior to the filing of this lawsuit. Therefore, by agreement between these parties, the statute of limitations was tolled from August 14, 2006 until January 16, 2007. For example, Mr. ESMOND's overtime claims include, at least, all pay periods from August 1, 2002 to the date of his separation.

13) PLAINTIFF hereby re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 12.

**FIRST CAUSE OF ACTION**
(FAILURE TO COMPENSATE FOR ALL HOURS WORKED
UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION
ORDERS AND CALIFORNIA LABOR CODE §1198)
(Plaintiff ESMOND v. Defendants CARGILL, and DOES 1-20)

14)  At all times relevant herein, DEFENDANTS, were required to compensate its hourly employees for all hours worked upon reporting for work pursuant to Industrial Welfare Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

15)  For the three (3) years preceding the filing of this action, DEFENDANTS failed to compensate PLAINTIFF for all hours worked.

16)  Under the aforementioned wage order and regulations, PLAINTIFF is to recover compensation for all hours worked but not paid by DEFENDANTS for the three (3) years preceding the filing of this Complaint.

17)  As a proximate result of the aforementioned violations, PLAINTIFF has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

18)  DEFENDANTS' conduct described herein violates Labor Code §§8512, 515, 558, 1194 and 1198. Therefore, pursuant to Labor Code §§512, 515, 558, and 1194, PLAINTIFF is entitled to recover damages for the nonpayment of wages for all hours worked, penalties, plus reasonable attorney's fees and costs of suit.

1

2  **SECOND CAUSE OF ACTION**
**(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**
3  **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA**
**LABOR CODE)**
4  **(Plaintiff ESMOND v. Defendants CARGILL, and DOES 1-20)**

5  19) PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

6  herein, the allegations contained in paragraphs 1 through 18.

7  20) Pursuant to Industrial Welfare Commission Order 1-90, California Code of

8  Regulations, Title 8, §11010, for all pay periods within three years preceding the filing of this

9  lawsuit, DEFENDANTS, were required to compensate PLAINTIFF for all overtime, which is

10  calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of

11  eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay

12  for hours worked in excess of twelve (12) hours per day.

13  21) Pursuant to Industrial Welfare Commission Order 1-98, California Code of

14  Regulations, Title 8, §11010, as of January 1, 1998, DEFENDANTS were required to

15  compensate Plaintiff for all overtime, which is calculated at one and one-half (1½) times the

16  regular rate of pay for hours worked in excess of forty (40) hours per week.

17  22) Pursuant to Industrial Welfare Commission Order 1,

18  California Code of Regulations, Title 8, §11010, beginning on January 1, 2000,

19  plaintiff ceased to be employed by DEFENDANTS, DEFENDANTS were required to

20  compensate PLAINTIFF for all overtime, which is calculated at one and one-half (1½) times the

21  regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) times

22  per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12)

23  hours per day.

24  23) PLAINTIFF was a nonexempt employee entitled to the protections of Industrial

25  Welfare Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

26  During the course of PLAINTIFF's employment, DEFENDANTS, and each of them, failed to

27  compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day and/or

28

01/16/2007  15:00     4155930093     LAW OFFICE OF        /PH     PAGE  09/12

1   forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours

2   per day, as required under the aforementioned labor regulations.

3          24) As a proximate result of the aforementioned violations, PLAINTIFF has been

4   damaged in an amount according to proof at time of trial, but in an amount in excess of the

5   jurisdiction of this Court.

6          25) DEFENDANTS' conduct described herein violates Labor Code §§512, 558, 1194 and

7   1198. Therefore, PLAINTIFF is entitled to recover the unpaid balance of wages owed, penalties,

8   plus interest, and reasonable attorney's fees and costs of suit.

9                                    THIRD CAUSE OF ACTION
                    (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS OR
10                          COMPENSATE FOR MISSED MEAL TIMES,
                              CAL. LABOR CODE §§ 226, 226.3, 226.7)
11                       (Plaintiff ESMOND v. Defendants CARGILL and DOES 1-20)

12         26) PLAINTIFF hereby realleges and incorporate by reference each and every allegation

13   contained in paragraphs 1 - 25, as though fully set forth herein.

14         27) Pursuant to Labor Code §§ 226 and 1174, employers, including DEFENDANTS, are

15   required to keep written daily records of each of their employee's hours of work and meal breaks

16   and to maintain such records for at least three (3) years; and to provide to each employee with

17   periodic wage payments in writing setting forth, among other things: 1) the dates of labor for

18   which payment of wages is made, 2) the total hours of work for the pay period; 3) the payment of

19   a wage break premium for breaks not taken; 4) the gross and net wages paid; all deductions from

20   those wages; and 5) the name and address of the employer.

21         28) DEFENDANTS failed to provide PLAINTIFF with accurate itemized wage

22   statements in writing showing all applicable rates in effect during the pay period and the

23   corresponding number of hours worked at each hourly rate by the employee by engaging in

24   practices including but not limited to: failing to calculate hours worked over eight in a day or 40

25   in a week and failing to record meal times.

26

27   ESMOND v. CARGILL                                    6                              COMPLAINT

28

01/16/2007   15:00    4155930093                    LAW OFFICE OF    7PH                    PAGE   18/12

1
2

    29) At all times relevant hereto, DEFENDANTS were subject to the provisions of IWC

3  Wage Order 1-2001 and 1-2000 and Cal. Lab. Code §§ 226 and 1174, which require

4  DEFENDANTS to keep written daily records of each of its employee's hours of work and meal

5  breaks and to maintain such records for at least three (3) years; and to provide to each employee

6  with each periodic wage payment a writing setting forth, among other things the following: 1)

7  the dates of labor for which payment of wages is made, 2) the total hours of work for the pay

8  period; and 3) the payment of a wage meal premium for meal periods not taken.

9
10

    30) DEFENDANTS failed to provide PLAINTIFF with accurate, itemized wage

statements in compliance with Cal. Lab. Code §226. Such failures in DEFENDANTS' itemized

11  wage statements included, among other things, not accurately showing the number of all hours

12  worked, and not including overtime hours in each pay period, as well as incorrectly reporting

13  gross wages earned and not recording or paying rest break premiums.

14
15

    31) Because DEFENDANTS did not compensate PLAINTIFF at the hourly wage rates

required by the overtime provisions of the Labor Code and Wage Order 1-2001, the itemized

16  wage statements did not accurately state the hourly rates in effect.

17

    32) PLAINTIFF is therefore entitled to all actual and statutory damages and penalties

18  available for these violations.

19
20

    33) As a direct result of DEFENDANTS' failure to comply with Labor Code Section 226,

PLAINTIFF is entitled to recover an amount, including but not limited to penalties equal to $50

21  for the first violation and $100 for each subsequent violation, up to a maximum amount of

22  $4,000 and reasonable costs and attorneys' fees.

23
24

    34) In addition, pursuant to Labor Code sec. 226.7, PLAINTIFF is entitled to recover

from DEFENDANTS one additional hour of pay for every missed meal time or missed breaks

25  times for all pay periods within three years preceding the filing of this complaint.

26  ///

27  ///

28  ///

ESMOND v. CARGILL                                              7                                              COMPLAINT

1

2

## FOURTH CAUSE OF ACTION
### (FAILURE TO PAY FULL WAGES WHEN DUE, CAL. LABOR CODE § 204)
(Plaintiff ESMOND v. Defendants CARGILL and DOES 1-20)

3

4    35) PLAINTIFF hereby realleges and incorporate by reference each and every allegation

5    contained in paragraphs 1 - 34, as though fully set forth herein.

6    36) Pursuant to Labor Code § 204, an employer must pay its employees full wages when

7    due.

8    37) By failing to compensate Mr. ESMOND as required by the Labor Code and the

9    applicable Wage Order, DEFENDANTS violated Labor Code § 204.

10

## FIFTH CAUSE OF ACTION
### (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)
(Plaintiff ESMOND v. Defendants CARGILL, and DOES 1-20)

11

12    38) PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

13    herein, the allegations contained in paragraphs 1 through 37.

14    39) DEFENDANTS, and each of them, willfully refused and continue to refuse, to pay

15    PLAINTIFF overtime and final pay (including all severance pay) in a timely manner, as required

16    by Labor Code §203. PLAINTIFF therefore requests restitution and penalties as provided by

17    Labor Code §203.

18

## SIXTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)
(Plaintiff ESMOND v. Defendants CARGILL, and DOES 1-20)

19

20    40) PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

21    herein, the allegations contained in paragraphs 1 through 39. This cause of action is brought

22    against all DEFENDANTS jointly and individually.

23    41) By violating the Cal. Labor Code, and its' implementing regulations, including but

24    not limited to Labor Code sections 206.5, 216, 232.5 and the foregoing statutes and regulations,

25    the acts of DEFENDANTS constitute unfair and unlawful business practices under Business and

26    Professions Code §17200 et seq.

27

28

ESMOND v. CARGILL    8    COMPLAINT

01/16/2007  15:08    4155930093    LAW OFFICE ( RV/PH    PAGE  12/12

42) DEFENDANTS' violations of California wage and hour and labor laws constitute a business practice because it was done over a significant period of time and in a systematic manner to the detriment of PLAINTIFF.

43) For the four years preceding the filing of this action, PLAINTIFF has suffered damages and requests damages and/or restitution of all monies from DEFENDANTS in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court, as well as injunctive relief and such other equitable remedies as the Court deems appropriate

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For compensatory damages, including past lost wages;

2. For restitution of all monies due to PLAINTIFF and disgorgement of profits from the unlawful business practices of DEFENDANTS;

3. For waiting time penalties pursuant to Labor Code §203;

4. For penalties pursuant to Labor Code §512 and 558;

5. Actual and/or liquidated damages pursuant to Labor Code § 226(e);

6. For interest accrued to date, including pre-judgment interest;

7. For costs of suit incurred herein;

8. For attorney's fees and costs pursuant to Labor Code §§1194 and similar attorney's fees or cost shifting statutes that provide for fees to be shifted, generally, only to Plaintiff;

9. For injunctive relief; and,

10. For such other and further relief that the Court may deem just and proper.

DATED: January 16, 2007

LAW OFFICE OF RICHARD J. VAZNAUGH

Richard J. Vaznaugh, Esq.
ATTORNEY FOR PLAINTIFF

ESMOND v. CARGILL    9    COMPLAINT

01/16/2007  15:00        415-593-0093         LAW OFFICE        RV/PH        PAGE  02/12

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Richard J. Vazquaugh (SBN 173249)
Law Office of Richard Vazquaugh
600 Harrison Street, Ste. 120, San Francisco, CA 94107

TELEPHONE NO: 415-593-0076    FAX NO.: 415-593-0093
ATTORNEY FOR (Name): PLAINTIFF JOE ESMOND

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice   24405 Amador Street

CASE NAME:
Esmond v. Cargill, Inc., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder | | HG07306733 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

FILED BY FAX
ALAMEDA COUNTY
January 17, 2007
THE CLERK OF
SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
HG07306733

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:
   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☑ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of Judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action (specify): 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: Jan. 16, 2007
Richard J. Vazquaugh
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

01/16/2007 15:00    4155930893    LAW OFFICE ... 3V/PH    PAGE 03/12

E. ADDENDUM TO CIVIL CASE COVER SHEET

Short Title: Esmond v. Cargill

**Unified Rules of the Superior Court of California, County of Alameda**

**CIVIL CASE COVER SHEET ADDENDUM**

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

Case Number: _____

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[X] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Category | Subtype | | Addendum Type | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI/PD/ WD Tort | Asbestos (04) | [ ] 75 | Asbestos (G) | |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) | |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) | |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) | |
| Non - PI / PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) | |
| | Civil rights (08) | [ ] 80 | Civil rights (G) | |
| | Defamation (13) | [ ] 84 | Defamation (G) | |
| | Fraud (16) | [ ] 24 | Fraud (G) | |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) | |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) | |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) | |
| | Other employment (15) | [ ] 85 | Other employment (G) | |
| | | [ ] 53 | Labor comm award confirmation | |
| | | [ ] 54 | Notice of appeal - L.C.A. | |
| Contract | Breach contract / Wnty (06) | [ ] 04 | Breach contract / Wnty (G) | |
| | Collections (09) | [ ] 81 | Collections (G) | |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) | |
| | Other contract (37) | [ ] 98 | Other contract (G) | |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) | |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) | |
| | Other real property (26) | [ ] 96 | Other real property (G) | |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial | |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential | |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs | |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture | |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award | |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate | |
| Provisionally Complex | Other judicial review (39) | [ ] 64 | Other judicial review | |
| | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] yes [ ] No | |
| | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation | |
| | Construction defect (10) | [ ] 82 | Construction defect | |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort | |
| | Securities litigation (28) | [ ] 91 | Securities litigation | |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental | |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type | |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment | |
| Misc Complaint | RICO (27) | [ ] 08 | Confession of judgment | |
| | | [ ] 90 | RICO (G) | |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) | |
| | Other complaint (42) | [ ] 68 | All other complaints (G) | |
| Misc. Civil Petition | Other petition (43) | [ ] 09 | Charge of name | |
| | | [ ] 09 | Other petition | |

Is the deft. in possession
of the property?
[ ] Yes   [ ] No

202-19 (5/1/00)

A-13

EXHIBIT B

Law Office of Richard Vaznaugh
Attn: Vaznaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA  94107

# Superior Court of California, County of Alameda

Esmond

VS.

Cargill Inc.

(Abbreviated Title)

Plaintiff/Petitioner(s)

Defendant/Respondent(s)

Cargill Inc.

No HG0730733

NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER
Unlimited Jurisdiction

Judge: **Barbara J. Miller**
Clerk: **Jean Linzmeier**
Clerk telephone: **(510) 690-2721**
E-mail: **Dept.512@alameda.courts.ca.gov**
Fax: **(510) 267-1529**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

Date: **06/04/2007**          Department: **512**
Time: **09:00 AM**          Location: **Hayward Hall of Justice**
                                              2nd Floor
                                              24405 Amador Street, Hayward CA  94544

Internet:  **http://www.alameda.courts.ca.gov**

## ORDERS

1. **You must:**
   a. **Serve** all named defendants and file the proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to Show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Case Management judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

5. The Case Management judge may be the trial judge in this case.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1 (888) 527-7327, or faxing a service request to 1(800) 833-5133. This service is subject to charges by the vendor.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/18/2007.

By _____

Deputy Clerk

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA



Date: April 18, 2007

To Whom It May Concern:

Case no.: HG07306733
Date of filing: 01/17/2007

Plaintiff: Esmond
Defendant: Cargill Inc.

**Your case is hereby assigned for all purposes to the Hon. Barbara J. Miller, Dept. 512 of the Alameda County Superior Court, Southern Division (Hayward) as part of Alameda County's pilot program in "direct calendaring." Department 512's phone number is (510) 690-2721. The fax number is (510) 267-1529 or (510) 690-2824.**

Under direct calendaring, your case is assigned to a single judge for all purposes including trial.

**Please note: In cases assigned for all purposes, any challenges brought under Code of Civil Procedure § 170.6 must be exercised within 15 days of the challenging party's first appearance. (See Gov. Code § 68616(i)) or the date of this letter, whichever is later.**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE ON ANY PARTY ADDED TO THE ACTION AFTER THE DATE OF THIS LETTER WITH THE COMPLAINT (AND CROSS-COMPLAINT).

## General Procedures

All documents filed in Judge Miller's department, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:



Page 2

## ASSIGNED FOR ALL PURPOSES TO
### JUDGE BARBARA J. MILLER
### DEPARTMENT 512

Counsel are expected to be familiar with the Local Rules of this Court, which are available on the Court's website at:
<http://www.alameda.courts.ca.gov/courts/rules/index.shtml>

The Court requires that a bench copy be provided for all briefs filed on matters pending in Dept. 512. This courtesy copy is to be delivered directly or faxed to Dept. 512. The fax number is (510) 267-1529 or (510) 690-2824.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Case Management Conference. The Court may refer parties to ADR resources.

### The courtroom schedule for Department 512 is as follows:

- Trials are held Monday through Thursday between 10:00 a.m. – 4:30 p.m., or as otherwise scheduled by Judge Miller in coordination with the parties.
- Case Management Conferences are held Mondays, Tuesdays and Fridays at 9:00 a.m.
- Law and Motion matters are heard on Mondays, Tuesdays and Thursdays at 9:00 a.m. (see below)
- Settlement Conferences and trial call are held on Fridays at 9:00 a.m.
- Ex Parte matters will be heard Monday through Friday as space is available.

### Law and Motion Procedures:

To obtain a hearing date for a Law and Motion matter, parties shall contact the Courtroom Clerk by faxing ((510) 267-1529) or e-mailing [Dept512@alameda.courts.ca.gov] the request directly to the department.

Ex parte matters are heard as needed. Counsel seeking ex parte relief shall contact the Court Attendant at (510) 690-2856 to schedule a hearing.

In accordance with the Local Rules, the Court issues Tentative Rulings two Court days before the hearing. Tentative rulings will be available on the Court's webpage, as well as by phone at (510) 690-2709.

Page 3

The tentative rulings will become orders of the court unless contested according to the following instructions. To arrange an appearance to contest a tentative ruling, you must notify the Court and opposing counsel before 4:00 p.m. on the court day before the hearing. You may leave a message for the court, stating you wish to contest, by calling (510) 690-2709. When you leave your message, state the case name, name of attorney, including phone number and area code and the issues to be contested. Parties may arrange a telephone appearance by leaving a message at that number and notifying opposing counsel of said telephonic appearance

If you have questions about the direct calendaring process, you may contact the department by phone at (510) 690-2721 or via email at Dept512@alameda.courts.ca.gov.

BARBARA J. MILLER, JUDGE

By _____
Susan C. Campana, Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 4/18/2007

By _____
Susan C. Campana, Deputy Clerk

01/07

Law Office of Richard Vazmaugh
Attn: Vazmaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA  94107

EXHIBIT C

Law Office of Richard Vaznaugh
Attn: Vaznaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA 94107

# Superior Court of California, County of Alameda

Cargill Inc.

Plaintiff/Petitioner(s)    No. HG07306733

VS.

Esmond

Defendant/Respondent(s)    NOTICE OF CASE MANAGEMENT
                           CONFERENCE AND ORDER (AMENDED)
(Abbreviated Title)        Unlimited Jurisdiction

Initial Case Management Conference on
06/04/2007 has been vacated and rescheduled.

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

Date: 06/13/2007    Department: 512    Judge: Barbara J. Miller
Time: 09:00 AM      Location:          Clerk: Jean Linzmeier
                    Hayward Hall of Justice    Clerk telephone: (510) 690-2721
                    2nd Floor          E-mail:
                    24405 Amador Street, Hayward CA 94544    Dept.512@alameda.courts.ca.gov
                    Internet: http://www.alameda.courts.ca.gov    Fax: (510) 267-1529

## ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/15/2007.

By _____    Deputy Clerk

EXHIBIT D

05/15/2007   16:26    4155938093    LAW OFFICE    RV/PH    PAGE   02/05

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Richard J. Vaznaugh, Esq. (SBN 173249)
LAW OFFICE OF RICHARD J. VAZNAUGH
600 Harrison Street, Suite 120, San Francisco, CA 94107

TELEPHONE NO.: 415-593-0076    FAX NO. (Optional): 415-593-0093
E-MAIL ADDRESS (Optional): richvaz@mindspring.com
ATTORNEY FOR (Name): Joe Esmond

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: Joe Esmond
DEFENDANT/RESPONDENT: Cargill, Inc.

CASE MANAGEMENT STATEMENT

(Check one):  ☑ UNLIMITED CASE          ☐ LIMITED CASE
              (Amount demanded            (Amount demanded is $25,000
              exceeds $25,000)            or less)

CASE NUMBER:
HG 07306733

FILED BY FAX
ALAMEDA COUNTY
May 16, 2007
THE CLERK OF THE SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
HG07306733

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: 06/04/07    Time: 9:00 am    Dept: 512    Div.:    Room:
Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☑ This statement is submitted by party (name): Joe Esmond
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served (specify names and explain why not):
          Cargill, Inc. - Additional claims are still being investigated for inclusion.
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in  ☑ complaint    ☐ cross-complaint    (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 1 of 4
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: Joe Esmond | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Cargill, Inc. | HG 07306733 |

**4.**

b. Provide a brief statement of the case, including any damages claimed. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff's current complaint focuses on allegations of unpaid overtime due to misclassification as exempt. Mr. Esmond was a 27 year employee of Cargill, Inc. until his June 30, 2006 separation. In his last four years, he was occupied primarily with manual and non-exempt duties. His overtime claim is in excess of $250,000, not including interest, fees, costs and penalties.

Pre-litigation settlement discussions failed and this complaint was filed to toll the statute of limitations on wage claims. Counsel is currently investigating additional claims related to Mr. Esmond's wages and separation and requests a four month continuance of the CMC and any service deadlines.

*(If more space is needed, check this box and attach a page designated as Attachment 4b.)* ☐

**5.** Jury or nonjury trial

The party or parties request ☑ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

**6.** Trial date

a. ☐ The trial has been set for *(date):*

b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7.** Estimated length of trial

The party or parties estimate that the trial will take *(check one):*

a. ☑ days *(specify number):*  8 to 15

b. ☐ hours *(short causes) (specify):*

**8.** Trial representation *(to be answered for each party)*

The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Fax number:

f. E-mail address:

g. Party represented:

☐ Additional representation is described in Attachment 8.

**9.** Preference

☐ This case is entitled to preference *(specify code section):*

**10.** Alternative Dispute Resolution (ADR)

a. Counsel ☑ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.

b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 *(Rev. January 1, 2007)*    **CASE MANAGEMENT STATEMENT**    Page 2 of 4

CM-110

JUN 15, 2007  16:26                41559300093                    LAW OFFICE ( ) RV/PH                    PAGE  84/05

PLAINTIFF/PETITIONER:  Joe Esmond

DEFENDANT/RESPONDENT:  Cargill, Inc.

CASE NUMBER:  HG 07306733

CM-110

10. d.  The party or parties are willing to participate in (check all that apply):
(1)  ☐ Mediation
(2)  ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
(3)  ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
(4)  ☐ Binding judicial arbitration
(5)  ☐ Binding private arbitration
(6)  ☐ Neutral case evaluation
(7)  ☐ Other (specify):

e.  ☐
f.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
g.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11.  Settlement conference
☑ The party or parties are willing to participate in an early settlement conference (specify when):
When all parties have appeared.

12.  Insurance
a.  ☐ Insurance carrier, if any, for party filing this statement (name):
b.  ☐ Reservation of rights:  ☐ Yes  ☐ No
c.  ☐ Coverage issues will significantly affect resolution of this case (explain):

13.  Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
Status:  ☐ Bankruptcy  ☐ Other (specify):

14.  Related cases, consolidation, and coordination
a.  ☐ There are companion, underlying, or related cases.
(1)  Name of case:
(2)  Name of court:
(3)  Case number:
(4)  Status:
b.  ☐ Additional cases are described in Attachment 14a.
c.  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

15.  Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16.  Other motions
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 3 of 4

0J 1J/ 2007   16:26     4155930893     LAW OFFICE   RV/PH     PAGE   05/05

PLAINTIFF/PETITIONER: Joe Esmond

DEFENDANT/RESPONDENT: Cargill, Inc.

CASE NUMBER: **CM-110**

HG 07306733

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

   | Party | Description | Date |
   |-------|-------------|------|

   c. ☐ The following discovery issues are anticipated (specify):

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

19. **Other issues**
   ☑ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

   Plaintiff requests that the CMC be continued for 120 days to complete case investigation and file/serve an amended complaint.

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

   The complaint has not yet been served.

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

21. **Case management orders**
   Previous case management orders in this case are (check one): ☑ none   ☐ attached as Attachment 21.

22. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 15, 2007

Richard J. Vaznaugh
_____     _____
(TYPE OR PRINT NAME)           (SIGNATURE OF PARTY OR ATTORNEY)

_____     _____
(TYPE OR PRINT NAME)           (SIGNATURE OF PARTY OR ATTORNEY)

                               ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

EXHIBIT E

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Richard J. Vaznaugh, Esq. (SBN 173249)
600 Harrison Street, Suite 120
San Francisco, CA 94107

TELEPHONE NO.: 415-593-0076   FAX NO. (Optional): 415-593-0076
E-MAIL ADDRESS (Optional): richvaz@mindspring.com
ATTORNEY FOR (Name): Joe Esmond

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: Joe Esmond

DEFENDANT/RESPONDENT: Cargill, Inc.

| CASE MANAGEMENT STATEMENT |
|---|
| (Check one): ☑ UNLIMITED CASE  ☐ LIMITED CASE |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) |

CASE NUMBER:
HG07306733

FILED BY FAX
ALAMEDA COUNTY
June 04, 2007
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
HG07306733

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: 06/13/07   Time: 9:00 a.m.   Dept.: 512   Div.:   Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name): Joe Esmond
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served (specify names and explain why not):
         Cargill, Inc. Complaint filed to toll statute. Added claims are still being investigated.
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint  ☐ cross-complaint (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 (Rev. January 1, 2007)

CASE MANAGEMENT STATEMENT

Page 1 of 4

American LegalNet, Inc.
www.FormsWorkflow.com

| | CASE NUMBER: | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Joe Esmond | | |
| DEFENDANT/RESPONDENT: Cargill, Inc. | HG 0730673J | |

4. b    Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date and estimated future medical expenses. If equitable relief is sought, describe the nature of the relief.)

Plaintiff's current complaint focuses on allegations of unpaid overtime due to misclassification as exempt. Mr. Esmond was a 27 year employee of Cargill, Inc. until his June 30, 2006 separation. In his last four years, he was occupied primarily with manual and non-exempt duties. His overtime claim is in excess of $250,000, not including interest, fees, costs and penalties. He worked substantial overtime for which he was not compensated. His overtime claim is in excess of $250,000, not including Pre-litigation settlement discussions failed and this complaint was filed to toll the statute of limitations on wage claims. Counsel is currently investigating additional claims related to Mr. Esmond's wages and separation and requests a four month continuance of the CMC and any service deadlines.

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.   Jury or nonjury trial
The party or parties request ☑ a jury trial   ☐ a nonjury trial   (If more than one party, provide the name of each party requesting a jury trial):

6.   Trial date
a. ☑ The trial has been set for (date):
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (If not, explain):

c.   Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.   Estimated length of trial
The party or parties estimate that the trial will take (check one):
a. ☑ days (specify number):  8 to 15
b. ☐ hours (short causes) (specify):

8.   Trial representation (to be answered for each party)
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   Preference
☐ This case is entitled to preference (specify code section):

10.   Alternative Dispute Resolution (ADR)
a.   Counsel ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by (date):
c. ☐ The case has gone to an ADR process (indicate status):

CM-110 (Rev. January 1, 2007)                    CASE MANAGEMENT STATEMENT                    Page 2 of 4

09/04/2007  13:25    4155930893    LAW OFFICE OF RV/PH    PAGE  04

| PLAINTIFF/PETITIONER: Joe Esmond | CASE NUMBER |
| DEFENDANT/RESPONDENT: Cargill, Inc. | HG 0730673 |

10. d. The party or parties are willing to participate in (check all that apply):
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other (specify):

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. Settlement conference
   ☑ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. ☐ Reservation of rights:    ☐ Yes    ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   Status:    ☐ Bankruptcy    ☐ Other (specify):

14. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   b. ☐ Additional cases are described in Attachment 14a.
   c. ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by (name party):

15. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 3 of 4

05/04/2007  13:25    4155938093    LAW OFFICE ( RV/PH    PAGE  85

| PLAINTIFF/PETITIONER: Joe Esmond | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: Cargill, Inc. | HG 07306733 | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in sections 90 through 98 of the Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**18. Other issue**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

Plantiff requests that the CMC be continued an additional 110 days to complete investigation, file an amended complaint and obtain a responsive pleading.

The Defendant has not yet been served or appeared.

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**

Previous case management orders in this case are (check one): ☐ none ☑ attached as Attachment 21.

**22. Total number of pages attached (if any):** ___2___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 4, 2006

Richard J. Vaznaugh, Esq. (SBN 173249)

_____

(TYPE OR PRINT NAME)



(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____

(TYPE OR PRINT NAME)

▶

_____

(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

ATTACHMENT 21

# Superior Court of California, County of Alameda

Esmond

VS.

Cargill Inc.

Plaintiff/Petitioner(s)

Defendant/Respondent(s)

(Abbreviated Title)

No. HG07306733

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER (AMENDED)**
Unlimited Jurisdiction

Initial Case Management Conference on 06/04/2007 has been vacated and rescheduled.

| | |
|---|---|
| Judge: | Barbara J. Miller |
| Clerk: | Jean Linzmeier |
| Clerk telephone: | (510) 690-2721 |
| E-mail: | Dept.512@alameda.courts.ca.gov |
| Fax: | (510) 267-1529 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

Date: 06/13/2007
Time: 09:00 AM
Location: Hayward Hall of Justice
2nd Floor
24405 Amador Street, Hayward CA 94544

Department: 512

Internet: http://www.alameda.courts.ca.gov

## ORDERS

1. You must:
   a. Serve all named defendants and file the proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not file the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/15/2007.

By _____
Deputy Clerk

Law Office of Richard Vaznaugh
Attn: Vaznaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA 94107

09/04/2007   13:25    4159330093         LAW OFFICE C RV/PH       PAGE 88

Law Office of Richard Vaznaugh
Attn: Vaznaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA 94107

# Superior Court of California, County of Alameda

Esmond

vs.

Cargill Inc.

(Abbreviated Title)

Plaintiff/Petitioner(s)

Defendant/Respondent(s)

No. HG07306733

## NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER
Unlimited Jurisdiction

Judge: Barbara J. Miller
Clerk: Jean Linzmeier
Clerk telephone: (510) 690-2721
E-mail:
Dept. 512@alameda.courts.ca.gov
Fax: (510) 267-1529

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

Date: 06/04/2007    Department: 512
Time: 09:00 AM       Location: Hayward Hall of Justice
               2nd Floor
               24405 Amador Street, Hayward CA 94544

Internet: http://www.alameda.courts.ca.gov

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b)).
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference; and
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Case Management Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

5. The Case Management Judge may be the trial judge in this case.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1 (888) 527-7327, or faxing a service request to 1(800) 833-5133. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/18/2007.

By _____
           Deputy Clerk

EXHIBIT F

Law Office of Richard J. Vaznaugh
600 Harrison St., Ste. 120
San Francisco, CA 94107
415-593-0076 – Fax: 593-0093
Email: Richvaz@mindspring.com

June 4, 2007

FILED
ALAMEDA COUNTY

JUN 0 7 2007

CLERK OF THE SUPERIOR COURT
By _____
Deputy

By U.S. Mail
The Honorable Barbara Miller
Hayward Hall of Justice, Department 512
24405 Amador Street
Hayward, CA 94544

Re:   Esmond v. Cargill Inc., et. al.
       Case No.: HG 0730673

Dear Judge Miller:

Please find enclosed a courtesy copy of Plaintiff's Case Management Conference Statement for the upcoming CMC on June 13, 2007 at 9:00 a.m. I note that the prior conference was continued a week just prior to the filing of Plaintiff's first CMCS, filed on 5/16/07 and assume that this was due to the court's scheduling conflicts.

As described therein, I filed Plaintiff's complaint in order to toll the statute of limitations on Mr. Esmond's wage claims. These claims can be found to run from pay period to period so, a few months can make a significant difference.

I am still investigating additional claims related to Mr. Esmond's wages and his separation from Cargill. Due to the press of business and other personally occupying matters, I have not yet been able to conclude this process. I would appreciate some additional time to file an amended complaint before affecting service of process. Therefore, I am respectfully requesting, by means of the CMCS and this letter, a 110 day continuance of the Case Management Conference. This should be adequate time to complete my research and investigation, file an amended complaint, complete service and obtain a responsive pleading. Based on the above, I hope you will find good cause to grant this continuance.

Respectfully Submitted,

Richard J. Vaznaugh

Enclosure

EXHIBIT G

Law Office of Richard Vaznaugh
Attn: Vaznaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA 94107

# Superior Court of California, County of Alameda

| Esmond | | No. HG07306733 |
|---|---|---|
| | vs. | Plaintiff/Petitioner(s) |
| Cargill Inc. | | NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER (AMENDED) Unlimited Jurisdiction |
| | | Defendant/Respondent(s) |
| (Abbreviated Title) | | |

Initial Case Management Conference on 06/13/2007 has been vacated and rescheduled.

Notice is given that a Case Management Conference has been scheduled as follows:

Date: 10/11/2007    Department: 512
Time: 09:00 AM

Location: Hayward Hall of Justice
2nd Floor
24405 Amador Street, Hayward CA 94544

Internet: http://www.alameda.courts.ca.gov

Judge: Barbara J. Miller
Clerk: Jean Linzmeier
Clerk telephone: (510) 690-2721
E-mail:
Dept.512@alameda.courts.ca.gov
Fax: (510) 267-1529

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

## ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown herein and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/08/2007.

By _____
     Deputy Clerk

EXHIBIT H

Law Office of Richard Vaznaugh
Attn: Vaznaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA  94107

**Superior Court of California, County of Alameda**

Esmond

    vs.

Cargill Inc.

    Plaintiff/Petitioner(s)

    Defendant/Respondent(s)

(Abbreviated Title)

No. HG07306733

**NOTICE OF CASE MANAGEMENT**
**CONFERENCE AND ORDER (AMENDED)**
Unlimited Jurisdiction

Initial Case Management Conference on
10/11/2007 has been vacated and rescheduled.

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | |
|---|---|
| Date: 10/11/2007 | Department: 512 |
| Time: 08:30 AM | Location: Hayward Hall of Justice |
| | 2nd Floor |
| | 24405 Amador Street, Hayward  CA  94544 |
| Internet: http://www.alameda.courts.ca.gov | |

Judge: **Barbara J. Miller**
Clerk: **Jean Linzmeier**
Clerk telephone: (510) 690-2721
E-mail:
Dept.512@alameda.courts.ca.gov
Fax: (510) 267-1529

**ORDERS**

1. You must:
   a. **Serve** all named defendants and file the proofs of service on those defendants with the court within 60
      days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 3.724
      no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form
      CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned
   under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case
   Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law,
   including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management
   Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an
independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by
calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the
vendor.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct.  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by
placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage,
and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2007.

By _____
          Deputy Clerk

EXHIBIT I

08/24/2007  06:31    4156538093    LAW OFFICE OF RV/PH    SUM-100

SUMMONS ON FIRST AMENDED
(CITACION JUDICIAL)

NOTICE TO DEFENDANT
(AVISO AL DEMANDADO):
CARGILL INC., dba Cargill Salt Co. Company, an entity; and DOES 1-20, inclusive

YOU ARE BEING SUED BY PLAINTIFF
(LO ESTA DEMANDANDO EL DEMANDANTE):
JOE DEMANTO

FILED BY FAX
ALAMEDA COUNTY
August 27, 2007
CLERK OF COURT
THE SUPERIOR COURT
By Rosanne Case, Deputy

The name and address of the court is:
(El nombre y dirección de la corte es):
Alameda County Superior Court, Dept. 512
Hayward Hall of Justice, 2nd Floor
24405 Amador Street, Hayward CA 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Richard J. Vaznaugh, Esq., Law Office of Richard Vaznaugh
600 Harrison Street, Suite 120, San Francisco, CA 94107, 415-593-0076

DATE:                                                              Clerk, by _____, Deputy
(Fecha)        AUG 27 2007 PAT SWEETEN                             (Secretario)           (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): CARGILL INC., dba Cargill Salt Co. Company, an entity
   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
4. [ ] by personal delivery on (date):

SUMMONS
By FAX

SUPERIOR COURT OF
CALIFORNIA
COUNTY OF ALAMEDA

08/24/2007  06:31    4155930093    LAW OFFICE OF RV/PH    PAGE  03/19

**FILED BY FAX**
ALAMEDA COUNTY
August 27, 2007

THE CLERK OF COURT
OF THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
**HG07306733**



1   RICHARD J. VAZNAUGH (SBN 173249)
2   LAW OFFICE OF RICHARD J. VAZNAUGH
3   600 Harrison Street, Ste. 120
    San Francisco, California 94107
4   Tel: (415) 593-0076
    Fax: (415) 593-0093
5
6   Attorney for Plaintiff
    JOE ESMOND
7
8              SUPERIOR COURT FOR THE COUNTY OF ALAMEDA
9                UNLIMITED JURISDICTION: NORTHERN DIVISION
10
    JOE ESMOND,                          Case No.: HG 07306733
11
                    PLAINTIFF,           FIRST AMENDED COMPLAINT FOR
12
                                          1)  FAILURE TO COMPENSATE FOR
13       vs.                                  ALL HOURS WORKED
                                          2)  VIOLATION OF LABOR CODE
14   CARGILL, INC., dba Cargill Salt Co.,     (OVERTIME)
     Company, an entity, and DOES 1-20,   3)  FAILURE TO PROVIDE
15   inclusive                               ACCURATE ITEMIZED WAGE
                                             STATEMENTS AND MEAL TIMES,
16                 DEFENDANTS.                LABOR CODE §226 et seq.,
                                          4)  FAILURE TO PAY FULL WAGES,
17                                            LABOR CODE §204
                                          5)  WAITING TIME PENALTIES,
18                                           LABOR CODE §203
                                          6)  AGE DISCRIMINATION
19                                        7)  BREACH OF THE IMPLIED
                                             CONTRACT
20                                        8)  BREACH OF COVENANT
                                          9)  BUSINESS AND PROFESSIONS
21                                           CODE §17200
22                                        Jury Trial Demanded
23
24       Comes now PLAINTIFF JOE ESMOND who alleges against DEFENDANTS
25   CARGILL, INC., dba Cargill Salt Co., Company, an entity, and DOES 1-20, and each of them as
26   follows:
27   ///
28

ESMOND v. CARGILL                                    1
FIRST AMENDED COMPLAINT                                          Case No. HG 07306733

PARTIES

1
2      1)    PLAINTIFF JOE ESMOND (hereinafter, "Mr. ESMOND" or "PLAINTIFF")
3    was at all times relevant hereto a resident of Alameda County, California.
4      2)    PLAINTIFF is informed and believes that DEFENDANT CARGILL does
5    business as CARGILL, INC., dba Cargill Salt Co. is a corporation with substantial operations in
6    the county of Alameda and licensed and qualified to do business in the State of California.
7    (hereafter referred to as "CARGILL"). PLAINTIFF is informed and believes that CARGILL is
8    responsible in some way for the wrongs herein.
9
10     3)    The true names and capacities whether individual, corporate, associate, agent, or
11   otherwise, of the DEFENDANTS named herein as DOES 1 through 20 are unknown to
12   PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF is
13   informed and believes, and thereon alleges, each such fictitiously named DEFENDANTS is in
14   some way responsible for the acts and wrongs alleged in this complaint. PLAINTIFF will amend
15   this complaint to allege their true names and capacities. PLAINTIFF is informed and believes,
16   and thereon alleges, that each DEFENDANT is, and at all times herein mentioned was, the agent,
17   servant, and/or employee of all the other DEFENDANTS, and that each DEFENDANT was
18   acting at all times both within and outside of the scope of its, his or her agency and/or
19   employment and with the knowledge of its, his or her principal employer and/or
20   co-DEFENDANTS.
21     4)    PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT
22   is, and at all times relevant was, the alter ego, integrated enterprise, successor corporation,
23   owner, agent, servant, and/or employee of all the other DEFENDANTS, and that each
24   DEFENDANT was acting at all times within the scope of his or her agency and/or employment
25   and with the knowledge, permission, consent, and ratification of his or her principal and/or co-
26   DEFENDANTS. In the alternative, PLAINTIFF is informed and believes and thereon alleges
27   that each DEFENDANT acted in its or his/her individual capacity in doing some or all of the acts
28   alleged herein.

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

2

Case No. HG 07306733

## FACTUAL ALLEGATIONS

5)    Mr. ESMOND was employed by DEFENDANT CARGILL from approximately October 1978 until on or about June 30, 2006. During the period relevant to this litigation, Mr. ESMOND worked in a variety of capacities for CARGILL and spent much of his time performing duties such as machining mechanical parts, overhauling equipment, invoicing, shop maintenance, welding, forklift maintenance, and operating various forms of manufacturing equipment.

6)    During the last four years of his employment, Mr. ESMOND was paid on an annual salary basis of $68,000.00 to $79,500.00 per year. Mr. ESMOND worked substantial overtime during these periods. However, he was never paid time and a half or double time rates for this overtime or even straight time for hours in excess of 40 in a week or 8 in a day.

7)    Mr. ESMOND's unpaid overtime claim is in excess of $25,000.00 and, this complaint is properly filed in this Court.

8)    At no time did DEFENDANTS maintain, or ask Mr. ESMOND to maintain, a record of his actual hours worked or his meal times. At no time was Mr. ESMOND informed that he was entitled to overtime pay or regular time pay for hours over 8 in a day or 40 in a week.

9)    In addition, Mr. ESMOND did not take regular ½ hour uninterrupted meal breaks, or regular rest breaks, and he was not advised that he was required to do.

10)    On or about June 30, 2006 and in spite of his competent performance, Mr. ESMOND was separated from his employment. PLAINTIFF is informed and believes that Many of his duties, and other duties he could have competently performed, were assigned, instead, to younger workers.

11)    In addition, Mr. ESMOND did not receive his final paycheck including all severance pay due. Instead, Mr. Tom Miller, a CARGILL Manager, gave Mr. ESMOND a "Separation Agreement and General Release" that required him to enter into certain agreements with the CARGILL, including releasing all claims known or unknown against CARGILL and entering into a strict confidentiality agreement. Even though Mr. Miller pursued him to obtain a

1  signature, Mr. ESMOND did not return a signed agreement and about 30 days after his

2  separation, Mr. ESMOND nevertheless received a payment from CARGILL, that appears to be

3  some or part of his withheld severance pay.

4

5           12)     PLAINTIFF has demanded payment for the monies claimed herein but has not

6  been compensated.

7

8           13)     Mr. ESMOND and CARGILL entered into a series of tolling agreements prior to

9  the filing of this lawsuit. Therefore, by agreement between these parties, the statute of limitations

10  on the claims herein were tolled from August 14, 2006 until January 16, 2007. Mr. ESMOND

11  filed his original complaint alleging the wage and hour violations herein with this Court on

12  January 16, 2007 by facsimile prior to 4:00 p.m. Therefore, Mr. ESMOND's overtime claims

13  include, at least, all pay periods from August 1, 2002 to the date of his separation.

14

15           14)     PLAINTIFF timely filed a complaint with the Department of Fair Employment

16  and Housing on June 19, 2007. Attached hereto is a true and correct copy of the DFEH

17  complaint and his right-to-sue notice issued on June 22, 2007. PLAINTIFF timely served a copy

18  of his DFEH complaint and right-to-sue notice on DEFENDANT by Certified mail.

19

20                                    FIRST CAUSE OF ACTION
                        (FAILURE TO COMPENSATE FOR ALL HOURS WORKED
21                          UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION
                            ORDERS AND CALIFORNIA LABOR CODE §1198)
22                    (PLAINTIFF ESMOND v. DEFENDANTS CARGILL and DOES 1-20)

23           15)PLAINTIFF hereby re-alleges and incorporates by reference, as though fully set forth

24  herein, the allegations contained in paragraphs 1 through 14.

25           16)     At all times relevant herein, DEFENDANTS, were required to compensate its

26  hourly employees for all hours worked upon reporting for work pursuant to Industrial Welfare

27  Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

28           17)     For the three (3) years preceding the filing of this action, DEFENDANTS failed

to compensate PLAINTIFF for all hours worked.

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

4

Case No. HG 07306733

1    18)    Under the aforementioned wage order and regulations, PLAINTIFF is to recover

2    compensation for all hours worked but not paid by DEFENDANTS for the three (3) years

3    preceding the filing of this Complaint.

4    19)    As a proximate result of the aforementioned violations, PLAINTIFF has been

5    damaged in an amount according to proof at time of trial, but in an amount in excess of the

6    jurisdiction of this Court.

7    20)    DEFENDANTS' conduct described herein violates Labor Code §§512, 515, 558,

8    1194 and 1198. Therefore, pursuant to Labor Code §§512, 515, 558, and 1194, PLAINTIFF is

9    entitled to recover damages for the nonpayment of wages for all hours worked, penalties, plus

10   reasonable attorney's fees and costs of suit.

11

12                           SECOND CAUSE OF ACTION
                 (FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA
13           INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA
                   (PLAINTIFF ESMOND v. DEFENDANTS CARGILL, and DOES 1-20)
14

15   21)    PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

16   herein, the allegations contained in paragraphs 1 through 20.

17   22)    Pursuant to Industrial Welfare Commission Order 1-90, California Code of

18   Regulations, Title 8, §11010, for all pay periods within three years preceding the filing of this

19   lawsuit, DEFENDANTS, were required to compensate PLAINTIFF for all overtime, which is

20   calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of

21   eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay

22   for hours worked in excess of twelve (12) hours per day.

23   23)    Pursuant to Industrial Welfare Commission Order 1-98, California Code of

24   Regulations, Title 8, §11010, as of January 1, 1998, DEFENDANTS were required to

25   compensate PLAINTIFF for all overtime, which is calculated at one and one-half (1½) times the

26   regular rate of pay for hours worked in excess of forty (40) hours per week.

27   24)    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000,

28   California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

5

Case No.  HG 07306733

1  PLAINTIFF ceased to be employed by DEFENDANTS, DEFENDANTS were required to

2  compensate PLAINTIFF for all overtime, which is calculated at one and one-half (1½) times the

3  regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40)hours

4  per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12)

5  hours per day.

6

7     25) PLAINTIFF was a nonexempt employee entitled to the protections of Industrial

8  Welfare Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

9  During the course of PLAINTIFF's employment, DEFENDANTS, and each of them, failed to

10  compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day and/or

11  forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours

12  per day, as required under the aforementioned labor regulations.

13     26) As a proximate result of the aforementioned violations, PLAINTIFF has been

14  damaged in an amount according to proof at time of trial, but in an amount in excess of the

15  jurisdiction of this Court.

16     27) DEFENDANTS' conduct described herein violates Labor Code §§512, 558, 1194 and

17  1198. Therefore, PLAINTIFF is entitled to recover the unpaid balance of wages owed, penalties,

18  plus interest, and reasonable attorney's fees and costs of suit.

19     **THIRD CAUSE OF ACTION**
   **(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS OR**

20     **COMPENSATE FOR MISSED MEAL TIMES,**
     **CAL. LABOR CODE §§ 226, 226.3, 226.7)**

21     **(PLAINTIFF ESMOND v. DEFENDANTS CARGILL and DOES 1-20)**

22     28) PLAINTIFF hereby realleges and incorporate by reference each and every allegation

23  contained in paragraphs 1 - 27, as though fully set forth herein.

24     29) Pursuant to Labor Code §§ 226 and 1174, employers, including DEFENDANTS, are

25  required to keep written daily records of each of their employee's hours of work and meal breaks

26  and to maintain such records for at least three (3) years; and to provide to each employee with

27

28

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

6

Case No.  HG 07306733

1    periodic wage payments in writing setting forth, among other things: 1) the dates of labor for

2    which payment of wages is made, 2) the total hours of work for the pay period; 3) the payment of

3    a wage break premium for breaks not taken; 4) the gross and net wages paid, all deductions from

4    those wages; and 5) the name and address of the employer.

5

6           30) DEFENDANTS failed to provide PLAINTIFF with accurate itemized wage

7    statements in writing showing all applicable rates in effect during the pay period and the

8    corresponding number of hours worked at each hourly rate by the employee by engaging in

9    practices including but not limited to: failing to calculate hours worked over eight in a day or 40

10   in a week and failing to record meal times.

11          31) At all times relevant hereto, DEFENDANTS were subject to the provisions of IWC

12   Wage Order 1-2001 and 1-2000 and Cal. Lab. Code §§ 226 and 1174, which require

13   DEFENDANTS to keep written daily records of each of its employee's hours of work and meal

14   breaks and to maintain such records for at least three (3) years; and to provide to each employee

15   with each periodic wage payment a writing setting forth, among other things the following: 1)

16   the dates of labor for which payment of wages is made, 2) the total hours of work for the pay

17   period; and 3) the payment of a wage meal premium for meal periods not taken.

18          32) DEFENDANTS failed to provide PLAINTIFF with accurate, itemized wage

19   statements in compliance with Cal. Lab. Code §226. Such failures in DEFENDANTS' itemized

20   wage statements included, among other things, not accurately showing the number of all hours

21   worked, and not including overtime hours in each pay period, as well as incorrectly reporting

22   gross wages earned and not recording or paying rest break premiums.

23          33) Because DEFENDANTS did not compensate PLAINTIFF at the hourly wage rates

24   required by the overtime provisions of the Labor Code and Wage Order 1-2001, the itemized

25   wage statements did not accurately state the hourly rates in effect.

26          34) PLAINTIFF is therefore entitled to all actual and statutory damages and penalties

27   available for these violations.

28

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

7

Case No.  HG 07306733



1   35) As a direct result of DEFENDANTS' failure to comply with Labor Code Section 226,

2   PLAINTIFF is entitled to recover an amount, including but not limited to penalties equal to $50

3   for the first violation and $100 for each subsequent violation, up to a maximum amount of

4   $4,000 and reasonable costs and attorneys' fees.

5

6   36) In addition, pursuant to Labor Code sec. 226.7, PLAINTIFF is entitled to recover

7   from DEFENDANTS one additional hour of pay for every missed meal time or missed breaks

8   times for all pay periods within three years preceding the filing of this complaint.

9   **FOURTH CAUSE OF ACTION**

10  **(FAILURE TO PAY FULL WAGES WHEN DUE, CAL. LABOR CODE § 204)**
    **(PLAINTIFF ESMOND v. DEFENDANTS CARGILL and DOES 1-20)**

11  37) PLAINTIFF hereby realleges and incorporates by reference each and every allegation

12  contained in paragraphs 1 - 36, as though fully set forth herein.

13  38) Pursuant to Labor Code § 204, an employer must pay its employees full wages when

14  due.

15  39) By failing to compensate Mr. ESMOND as required by the Labor Code and the

16  applicable Wage Order, DEFENDANTS violated Labor Code § 204.

17  **FIFTH CAUSE OF ACTION**
    **(WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)**

18  **(PLAINTIFF ESMOND v. DEFENDANTS CARGILL and DOES 1-20)**

19

20  40) PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

    herein, the allegations contained in paragraphs 1 through 39.

21  41) DEFENDANTS, and each of them, willfully refused and continue to refuse, to pay

22  PLAINTIFF overtime and final pay (including all severance pay) in a timely manner, as required

23  by Labor Code §203. PLAINTIFF therefore requests restitution and penalties as provided by

24  Labor Code §203.

25  ///

26  ///

27  ///

28

8

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

Case No. HG 07306733

SIXTH CAUSE OF ACTION
VIOLATION OF GOVT. CODE §12926 AND §12940, ET. SEQ.
DISCRIMINATION BASED ON AGE
(PLAINTIFF ESMOND v. DEFENDANTS CARGILL, and DOES 1-10)

42)    PLAINTIFF hereby realleges and incorporates by reference, as though fully set

forth herein, the allegations contained in paragraphs 1 through 41.

43)    PLAINTIFF is a member of a protected class in that he was 56 years old at the

time of his termination.

44)    DEFENDANT CARGILL and Does 1-10 were at all times material employers

under the FEHA in that they employed at least five employees within seventy-five miles.

45)    PLAINTIFF was a covered employee under the FEHA.

46)    PLAINTIFF was terminated from his position, but at least one other similarly

situated employee who was younger than 56 years old was not terminated. In addition,

PLAINTIFF is informed and believes that after his termination certain of PLAINTIFF's duties

continued and were assigned to employees younger than PLAINTIFF including, ultimately, a

much younger employee.

47)    By the above alleged acts and others according to proof DEFENDANTS violated

the FEHA to PLAINTIFF's damage.

48)    As a direct, foreseeable and proximate result of DEFENDANTS' conduct,

PLAINTIFF has suffered harm, including lost earnings and other employment benefits, future

lost earnings, mental distress and mental suffering, and other general and special damages, all to

PLAINTIFF's damage in an amount which will be proven at trial.

49)    The DEFENDANTS did the acts alleged herein maliciously, oppressively, and

with wrongful intent. PLAINTIFF is therefore entitled to recover punitive damages from these

DEFENDANTS in an amount according to proof.

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

9

Case No. HG 07306733

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

50)    PLAINTIFF has been required to retain legal counsel to vindicate his statutory

rights and is thus entitled to reimbursement of reasonable attorney fees, including any lodestar

multiplier.

51)

WHEREFORE, PLAINTIFF requests judgment against DEFENDANTS as

follows:

**SEVENTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(PLAINTIFF ESMOND v. DEFENDANTS CARGILL and DOES 1-10)**

52) PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

herein, the allegations contained in paragraphs 1 through 50.

53) PLAINTIFF had an implied contract not to be terminated without cause. This contract

was formed in the 27 years of his employment with DEFENDANTS.

54) Through these years, PLAINTIFF received a number of pay raises and

commendations for his work. PLAINTIFF's performance at all times was and continued to be

outstanding. PLAINTIFF relied on the consistent praise of his work, the recognition of his

competence, his promotions, the company practice of for cause termination, and his pay raises to

support his belief that his contract of employment included a covenant that he could not be

demoted or terminated in the absence of good cause.

55) PLAINTIFF undertook and continued employment and duly performed all the

conditions of the Contract to be performed by him. PLAINTIFF has at all times been ready,

willing and able to perform and has offered to perform all the conditions of this Contact to be

performed by him.

56) As a proximate result of DEFENDANTS' breach of the employment contract,

PLAINTIFF has suffered and continues to suffer substantial losses in earnings, and other

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

10

Case No. HG 07306733

1  employment benefits which he would have received had DEFENDANTS not breached said

2  agreement, all to his damage in an amount which cannot be fully ascertained at this time since

3  these damages are ongoing and cumulative.

4

5  **EIGHTH CAUSE OF ACTION**
   **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
6  (PLAINTIFF ESMOND v. DEFENDANTS CARGILL, and DOES 1-10)

7  57) PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

8  herein, the allegations contained in paragraphs 1 through 55.

9

10  58) The aforesaid employment contract contained an implied covenant of good faith and

11  fair dealing by which DEFENDANTS promised to give full cooperation to PLAINTIFF and his

12  performance under said employment contract and to refrain from doing any act which would

13  prevent or impede PLAINTIFF from performing all the conditions of the Contract to be

14  performed by him, or any act that would interfere with PLAINTIFF's employment of the fruits

15  of said Contract. Specifically, said covenant of good faith and fair dealing required

16  DEFENDANTS to fairly, honestly and reasonably perform the terms and conditions of the

17  agreement.

18

19  59) DEFENDANTS breached the covenant of good faith and fair dealing with

20  PLAINTIFF by terminating him knowing full well that PLAINTIFF was dependent on his job to

21  support himself and to survive, without conducting any reasonable investigation concerning its

22  obligations under said Contract, without good or sufficient cause, for reasons extraneous to the

23  Contract, and/or for the purpose of frustrating PLAINTIFF's employment or the benefits of the

24  Contract.

25

26  60) As a result of DEFENDANTS' violations of the implied covenant of good faith and

27  fair dealing, PLAINTIFF has been damaged in that he has lost income, his ability to perform his

28

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

11

Case No.  HG 07306733

1    part of the employment agreement was impeded, he was portrayed to co-workers and upper

2    management as being ineffective or incompetent, all of which combined to produce: destruction

3    or impairment of PLAINTIFF's valuable contractual interests; i.e., his prospect of continuing

4    future employment with DEFENDANTS and receipt of continued compensation; and substantial

5    losses in earnings, and other employment benefits.

6

7

8                    **NINTH CAUSE OF ACTION**

         (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

           (PLAINTIFF ESMOND v. DEFENDANTS CARGILL, and DOES 1-10)

9

10    61) PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

11    herein, the allegations contained in paragraphs 1 through 60. This cause of action is brought

12    against all DEFENDANTS jointly and individually.

13    62) Sections 17200 et seq. of the California Business and Professions Code prohibits any

14    unlawful, unfair or fraudulent business act or practice.

15    63) By violating the Cal. Labor Code, and its' implementing regulations, including but

16    not limited to Labor Code sections 206.5, 216, 232.5 and the foregoing statues and regulations,

17    the acts of DEFENDANTS constitute unfair and unlawful business practices under Business and

18    Professions Code §17200 et seq.

19    64) DEFENDANTS' violations of California wage and hour and labor laws constitute a

20    business practice because it was done over a significant period of time and in a systematic

21    manner to the detriment of PLAINTIFF.

22    65) By the facts and claims alleged above related to PLAINTIFF's termination,

23    DEFENDANTS have engaged in and continue to engage in further unlawful and unfair business

24    practices in violation of Sections 17200 et seq. of the California Business and Professions Code.

25    66) These challenged policies and practices have harmed the PLAINTIFF.

26    67) For the four years preceding the entry of the tooling agreements described in Par. 13,

27    above, PLAINTIFF has suffered damages and requests damages and/or restitution of all monies

28

1   from DEFENDANTS in an amount according to proof at time of trial, as well as injunctive relief

2   and such other equitable remedies as the Court deems appropriate.

3   WHEREFORE, PLAINTIFF prays for judgment as follows:

4       1.  For compensatory damages, including past and future lost wages;

5       2.  For general damages, including for mental distress, humiliation, and embarrassment;

6       3.  For restitution of all monies due to PLAINTIFF and disgorgement of profits from the

7           unlawful business practices of DEFENDANTS;

8       4.  For waiting time penalties pursuant to Labor Code §203;

9       5.  For penalties pursuant to Labor Code §512 and 558;

10      6.  Actual and/or liquidated damages pursuant to Labor Code § 226(e);

11      7.  For interest accrued to date, including pre-judgment interest;

12      8.  For costs of suit incurred herein;

13      9.  For attorney's fees and costs pursuant to Labor Code §§1194, Gov't Code sec. 1240,

14          et. seq, and similar "one-way" attorney's fees;

15      10. For such other and further relief that the Court may deem just and proper,

16

17                                                  LAW OFFICE OF RICHARD J. VAZNAUGH

18  DATED: August 24, 2007

19

20                                                  Richard J. Vaznaugh, Esq.
                                                    ATTORNEY FOR PLAINTIFF

21

22

23

24

25

26

27

28

ESMOND v. CARGILL
FIRST AMENDED COMPLAINT

13

Case No. HG 07306733

Attachment to ESMOND v. CARGILL FAC

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

ARNOLD SCHWARZENEGGER, Governor

1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov

June 22, 2007

RICHARD J. VAZNAUGH
Attorney
LAW OFFICE of RICHARD J. VAZNAUGH
600 Harrison St., Ste. 120
San Francisco, CA 94107

RE:    E200607M1639-00-ac
       <u>ESMOND/CARGILL INC. dba CARGILL SALT CO.</u>

Dear RICHARD J. VAZNAUGH:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 19, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.



Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan K. Pederson
District Administrator

cc:    Case File

TOM MILLER
Supervisor
CARGILL INC. dba CARGILL SALT CO.
7220 Central Ave.
Newark, CA 94560

DFEH-200-43 (08/08)

# * * * EMPLOYMENT * * *

## COMPLAINT OF DISCRIMINATION UNDER
## THE PROVISIONS OF THE CALIFORNIA
## FAIR EMPLOYMENT AND HOUSING ACT

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DFEH # E-200607-M-1639-00-ac

DFEH USE ONLY

YOUR NAME (indicate Mr. or Ms.)
Mr. Joe Esmond

ADDRESS
6216 Madeleine Drive

CITY/STATE/ZIP
Newark, CA 94560

| | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| | 510-791-1188 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME.

NAME: Cargill Inc. d/b/a Cargill Salt Co. Company

ADDRESS
7220 Central Ave.

CITY/STATE/ZIP
Newark, CA 94560

NO. OF EMPLOYEES/MEMBERS (if known)
Over 2000

| TELEPHONE NUMBER (include Area Code) 510-797-1820 | |
|---|---|
| COUNTY Alameda | COUNTY CODE/AL |
| | DFEH USE ONLY |

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) 06/30/2006

| COUNTY | COUNTY CODE |
|---|---|
| Alameda | |

RESPONDENT CODE

THE PARTICULARS ARE:

On June 30, 2006 I was

- X fired
- laid off
- demoted
- harassed
- genetic characteristics testing
- forced to quit

Name of Person and Job Title

- denied employment
- denied promotion
- denied transfer
- denied accommodation
- reprehensible non-job-related inquiry
- other (specify) ___

- denied family or medical leave
- denied pregnancy leave
- denied equal pay
- denied right to wear pants
- (Circle one) Ring: promoting, participating in investigation (retaliation for)
- denied pregnancy accommodation

because of my:

- sex
- X age
- religion
- race/color

- national origin/ancestry
- marital status
- sexual orientation
- association

- physical disability
- mental disability
- other (specify) ___

- cancer
- genetic characteristic

Name of Person and Job Title

by Tom Miller/Supervisor

the reason given by Tom Miller/Supervisor

was because of    As to the Tablet Plant position: Alleged performance problems.

what you believe    To assign my duties at the Tablet Plant to a much younger employee. I understand this occurred several months
to be reason(s)     after my termination. I had worked for Cargill for 28 years before I was terminated.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit
the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discrimination act, whichever is
earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or
reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and
belief, and as to those matters I believe it to be true.

Dated June 472

At Newark
City

COMPLAINANT'S SIGNATURE

RECEIVED
JUN 19 2007
Santa ... quiring
... ... ... Office.

DATE FILED: June 19, 2007

**Superior Court of California, County of Alameda**

Esmond

VS.

Cargill Inc.

Plaintiff(Petitioner(s)

Defendant/Respondent(s)

(Abbreviated Title)

No. HG07306733

NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER (AMENDED)
Unlimited Jurisdiction

Initial Case Management Conference on
10/11/2007 has been vacated and rescheduled.

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

Date: 10/11/2007
Time: 08:30 AM

Location: Department 512
2nd Floor
Hayward Hall of Justice
24405 Amador Street, Hayward CA 94544

Internet: http://www.alameda.courts.ca.gov

Judge: Barbara J. Miller
Clerk: Jean Linzmeier
Clerk telephone: (510) 690-2721
E-mail:
Dept.512@alameda.courts.ca.gov
Fax: (510) 267-1529

### ORDERS

1. **You must:**
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/23/2007.

By _____

Deputy Clerk

Law Office of Richard Vaznaugh
Attn: Vaznaugh, Richard J.
600 Harrison Street
Suite 120
San Francisco, CA 94107

Rev 405

**ALTERNATIVE DISPUTE RESOLUTION**
**INFORMATION PACKAGE**
Effective April 15, 2005

**Instructions to Plaintiff / Cross-Complainant**

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the
complaint, an Alternative Dispute Resolution (ADR) information package that
includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages
of ADR and descriptions of the principal ADR processes . . . .

(2) Information about the ADR programs available in that court . . . .

(3) In counties that are participating in the Dispute Resolution Programs
Act (DRPA), information about the availability of local dispute resolution
programs funded under the DRPA . . . .

(4) An ADR stipulation form that parties may use to stipulate to the use
of an ADR process.

(b) Court may make package available on Web site . . . .

(c) The plaintiff must serve a copy of the ADR information package on
each defendant along with the complaint. Cross-complainants must serve a
copy of the ADR information package on any new parties to the action
along with the cross-complaint.

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the help of a neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediat1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automobile Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar** of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbindx.htm or call 415-538-2020.

Rev 4/05

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
22278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes,
Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee,
and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and
Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation,
large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100    fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a
mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases
resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351    fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property,
credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also
increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and
meeting facilitation.

Rev 405

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605)
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case (CRC 1605a(4))
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (CRC 1611)
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator (CRC 1615b & c)
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. (CRC 1616 & Local Rule 6.4)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (CRC 1615c & Local Rule 6.6)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (Local Rule 6.6)

Rev 4/05

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

☐ Allen E. Broussard Justice Center
600 Washington Street, Oakland, CA 94707
☐ Fremont Hall of Justice
39439 Paseo Padre Parkway, Fremont, CA 94538
☐ Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

☐ Berkeley Courthouse
2000 Center Street, 2nd Fl., Berkeley, CA 94704
☐ Gale/Schmonne Hall of Justice
5672 Stoneridge Drive, Pleasanton, CA 94588
☐ René C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

☐ George E. McDonald Hall of Justice
2233 Shoreline Drive, Alameda, CA 94501
☐ Wiley W. Manuel Courthouse
661 Washington Street, Oakland, CA 94607

_____
                Plaintiff

vs.

_____
                Defendant

Case No.: _____

STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)

The parties by and through their attorneys of record hereby stipulate to submit the within
controversy to the following Alternative Dispute Resolution process:

_____
_____

ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

(SEAL)

_____
JUDGE OF THE SUPERIOR COURT

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process
Transmittal**
08/29/2007
Log Number 512542771

**TO:** JoAnne Shafer
Cargill, Incorporated
Cargill Office Center, 15407 McGinty Road West
Wayzata, MN, 55391

**RE: Process Served in California**

**FOR:** Cargill, Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joe Esmond, Pltf. vs. Cargill, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons on First Amended Complaint, First Amended Complaint, Attachment(s), Notice of Case Management Conference and Order (Amended), Stipulation Form |
| **COURT/AGENCY:** | Alameda County, Hayward, Superior Court, CA Case # HG07306733 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay for all hours worked |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/29/2007 at 08:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 10/11/2007 at 8:30 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Richard J. Vaznaugh Law Offices of Richard J. Vaznaugh 600 Harrison Street Ste 120 San Francisco, CA, 94107 415-593-0076 |
| **ACTION ITEMS:** | CT has retained the current log. Retain Date: 08/29/2007. Expected Purge Date: 09/03/2007 Image SOP - Page(s): 27 Email Notification, JoAnne Shafer joanne_shafer@cargill.com Email Notification, Karen Gooch karen_gooch@cargill.com Email Notification, Trisha Smith trisha_smith@cargill.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

EXHIBIT J

1  Marjorie S. Fochtman, State Bar No. 143201
2  Paul R. Lynd, State Bar No. 202764
   David A. Kolek, State Bar No. 245330
3  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
4  San Francisco, CA 94111
   Telephone: (415) 984-8200
5  Facsimile: (415) 984-8300

6  Attorneys for Defendant,
   CARGILL, INC.

7

8

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF ALAMEDA

12

13  JOE ESMOND,                          Case No.  HG07306733

14                  Plaintiff,           ANSWER OF DEFENDANT CARGILL,
                                         INC. TO PLAINTIFF'S FIRST AMENDED
15         vs.                           COMPLAINT

16  CARGILL INC., dba Cargill Salt Co. Company,
    an entity, and DOES 1-20, inclusive

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT CARGILL, INC. TO PLAINTIFF'S
FIRST AMENDED COMPLAINT, CASE NO. HG07306733

1

2    Defendant CARGILL, INC. ("Defendant") answers, with affirmative defenses, the First

3    Amended Complaint ("FAC") filed by Plaintiff JOE ESMOND on or about August 27, 2007, and

4    served on or about August 29, 2007, as follows:

5

6                                    GENERAL DENIAL

7    Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant generally

8    denies each and every allegation in Plaintiff's FAC and denies that Plaintiff has been damaged or has

9    sustained any damages as a result of the conduct alleged therein.

10

11                              AFFIRMATIVE DEFENSES

12                            FIRST AFFIRMATIVE DEFENSE

13                        (Failure to state a cause of action)

14   The FAC, and each and every purported cause of action therein, fails to state facts sufficient

15   to constitute a cause of action against Defendant.

16                           SECOND AFFIRMATIVE DEFENSE

17                                       (Set off)

18   Defendant is entitled to a set-off of all amounts that it is entitled to receive from Plaintiff

19   against any amount which may be determined to be owed to Plaintiff.

20                            THIRD AFFIRMATIVE DEFENSE

21                                (At-will employment)

22   Defendant alleges that Plaintiff was employed on an at-will basis and, therefore, Plaintiff's

23   claims are barred by California Labor Code section 2922.

24                           FOURTH AFFIRMATIVE DEFENSE

25                               (Statute of limitations)

26   The claims set forth in the FAC and each of its causes of action, are barred to the extent they

27   exceed the applicable statute of limitations contained in the California Code of Civil Procedure,

28   including, but not limited to, California Labor Code sections 337, 338, 339 and 340, California

     Business and Professions Code section 17208, and California Government Code section 12960.

1
2
3  to mitigate, any damages awarded to Plaintiff should be reduced accordingly.
4
5
6  **FOURTH AFFIRMATIVE DEFENSE**
7  **(Overtime exempt)**
8
9  Plaintiff's claims for overtime wages are barred because Plaintiff was exempt from overtime
10  pay requirements pursuant to California Labor Code section 515 and the provisions of the California
11  Industrial Welfare Commission wage orders.
12
13  **FIFTH AFFIRMATIVE DEFENSE**
14  **(Plaintiff's performance contrary to Defendant's reasonable expectations)**
15
16  Plaintiff's claims for overtime wages are barred because Plaintiff's performance of his job
17  duties was contrary to Defendant's reasonable expectations.
18
19  **SIXTH AFFIRMATIVE DEFENSE**
20  **(Good faith)**
21
22  All actions taken by Defendant with respect to Plaintiff were taken in good faith and for
23  legitimate business reasons, and thus were privileged or a lawful exercise of Defendant's legal rights.
24
25  **SEVENTH AFFIRMATIVE DEFENSE**
26  **(Unclean hands)**
27
28  Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to mitigate damages)**

Plaintiff failed and neglected to mitigate his damages, if any, and to the extent of such failure

**EIGHTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (No violation of California Business and Professions Code section 17200)

Plaintiff has failed to properly allege any facts sufficient to constitute any "unlawful," "unfair" or "fraudulent" business practice within the meaning of California Business and Professions Code section 17200.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Relief under California Business and Professions Code section 17200 not available for penalties)

Plaintiff is barred from recovery of any penalty amount under California Business and Professions Code section 17200 because that provision does not extend to recovery of penalty amounts.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to exhaust administrative remedies)

Plaintiff's claims are barred in whole or in part because has failed to properly exhaust his administrative remedies or prerequisites to suit, and/or failed to bring a timely administrative charge against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (After-acquired evidence)

Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence, and any remedy or recovery due Plaintiff thus must be reduced accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No private right of action)

Plaintiff's claims for penalties or damages provided by California Labor Code sections 226.3 and 226.7(b) are barred because no private right of action exists for the recovery of these amounts.

1

2        Plaintiff's claim for penalties pursuant to California Labor Code section 203 is barred because

3   Defendant's failure to pay any wages due, if any, was not willful.

4

5                              **EIGHTEENTH AFFIRMATIVE DEFENSE**

6                                  **(No willful failure to pay wages)**

7        Plaintiff's claim for penalties pursuant to California Labor Code section 203 is barred because

8   any wages due Plaintiff were subject to a bona fide, good faith dispute as to whether they were due

9   Plaintiff.

10

11                              **NINETEENTH AFFIRMATIVE DEFENSE**

12                                  **(Good faith dispute regarding wages)**

13       Plaintiff's claims for penalties and damages for the alleged violation of California Labor Code

14  section 226 is barred in that Defendant's failure to provide an itemized pay statement or to provide an

15  accurate or correct itemized wage statement, if any, was not knowing and intentional, or was the

16  result of a clerical error or mistake.

17

18                              **TWENTIETH AFFIRMATIVE DEFENSE**

19              **(No knowing and intentional failure to provide itemized wage statement)**

20       Plaintiff's claims are barred in whole or in part because Plaintiff breached his obligations

21  under California Labor Code section 2856.

22

23                             **TWENTY-FIRST AFFIRMATIVE DEFENSE**

24                              **(Breach of California Labor Code section 2856 )**

25       Plaintiff's claims are barred in whole or in part because Plaintiff breached his obligations

26  under California Labor Code section 2858.

27

28                            **TWENTY-SECOND AFFIRMATIVE DEFENSE**

                                **(Breach of California Labor Code section 2858)**

        Plaintiff's claims are barred in whole or in part because Plaintiff breached his obligations

    under California Labor Code section 2859.

                             **TWENTY-THIRD AFFIRMATIVE DEFENSE**

                                **(Breach of California Labor Code section 2859)**

        Plaintiff's claims are barred in whole or in part because Plaintiff breached his obligations

    under California Labor Code section 2859.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Breach of California Labor Code section 2860)**

Plaintiff's claims are barred in whole or in part because Plaintiff breached his obligations under California Labor Code section 2860.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Breach of California Labor Code section 2861)**

Plaintiff's claims are barred in whole or in part because Plaintiff breached his obligations under California Labor Code section 2861.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Breach of California Labor Code section 2863)**

Plaintiff's claims are barred in whole or in part because Plaintiff breached his obligations under California Labor Code section 2863.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Workers' compensation exclusive remedy for emotional distress)**

Plaintiff's claims for emotional distress are barred because, at the time of the conduct alleged in the FAC, Plaintiff and Defendant were subject to the provisions of the California Workers' Compensation Act (California Labor Code section 3600 *et seq.*), which provides the exclusive remedy for any emotional distress suffered by Plaintiff within the course and scope of his employment with Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Emotional distress not attributable to Defendant)**

To the extent that Plaintiff suffered any emotional distress (and Defendant denies that Plaintiff suffered any emotional distress), such emotional distress was caused by Plaintiff or individuals and actors other than Defendant, and/or Plaintiff failed to take reasonable steps to prevent such emotional distress.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Punitive damages)**

Plaintiff's claim for punitive damages is barred because Plaintiff has failed to properly allege any conduct sufficient to support an award of punitive damages.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Prejudgment interest)**

Plaintiff's claim for prejudgment interest is barred because the amount of any damages suffered by Plaintiff (and Defendant denies that Plaintiff has suffered any damages) were sufficiently uncertain so as to preclude an award of prejudgment interest.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Attorney's fees)**

Plaintiff's claims for attorney's fees are barred because Plaintiff has failed to properly allege facts sufficient to allow the recovery of attorneys' fees or costs pursuant to California Labor Code sections 226 or 1194, California Government Code section 12940 *et seq.*, or any other basis.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

As a separate affirmative defense, Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate affirmative defenses available. Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through clarification of Plaintiff's FAC through discovery, or through further legal analysis of Plaintiff's position in this litigation.

**PRAYER**

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing from his FAC;

2. The FAC be dismissed with prejudice;

3. Judgment be entered against Plaintiff and in favor of Defendant in this action;

4. The Court award Defendant reasonable attorneys' fees and costs incurred herein to the extent permitted under applicable law, including, but not limited to, California Government Code section 12940 *et seq.* and California Labor Code section 218.5; and

5. The Court award Defendant such other and further relief as the Court deems just.

DATED: September 27, 2007

NIXON PEABODY LLP

By: _____
PAUL R. LYND
Attorneys for Defendant CARGILL, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

CASE NAME: Joe Esmond v. Cargill, Inc.
COURT:            County of Alameda Superior Court
CASE NO.:        HGO730673

1        I, the undersigned, certify that I am employed in the City and County of San Francisco,
California; that I am over the age of eighteen years and not a party to the within action; and that my
business address is One Embarcadero Center, Suite 1800, San Francisco, California 94111-3996. On
this date, I served the following document(s):

ANSWER OF DEFENDANT CARGILL, INC. TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

PROOF OF SERVICE

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed
envelopes addressed as shown below by the following means of service:

__X__: First-Class Mail. — I am readily familiar with the firm's practice for collection and processing
of correspondence for mailing. Under that practice, the correspondence is deposited with the United
States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in
San Francisco, California, for mailing to the office of the addressee following ordinary business
practices.

Addressee(s)

Richard J. Vaznaugh, Esq.
Law Office of Richard J. Vaznaugh
600 Harrison St., Ste. 120
San Francisco, CA 94107

I declare under penalty of perjury that the foregoing is true and correct. Executed on
September 27, 2007 at San Francisco, California.

_____
Matthew Dubuque

**PROOF OF SERVICE**

1

2  **CASE NAME:** Joe Esmond v. Cargill, Inc., et al.

3  **COURT:**          Alameda County Superior Court
   **CASE NO.:**      HG 0730733

4  **NP FILE:**        033749.000002

5

6      I, the undersigned, certify that I am employed in the City and County of San Francisco,
   California; that I am over the age of eighteen years and not a party to the within action; and that my
7  business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On
   this date, I served the following document(s):
8

9           **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND**
                                  **1446 (DIVERSITY)**
10

11 on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed
   envelopes addressed as shown below by the following means of service:
12

13 __X__:   **By First-Class Mail** — I am readily familiar with the firm's practice for collection and
   processing of correspondence for mailing. Under that practice, the correspondence is deposited with
14 the United States Postal Service on the same day as collected, with first-class postage thereon fully
   prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary
15 business practices.

16 _____:   **By Personal Service** — I caused each such envelope to be given to a courier messenger to
   personally deliver to the office of the addressee.
17

18 _____:   **By Overnight Courier** — I caused each such envelope to be given to an overnight mail service
   at San Francisco, California, to be hand delivered to the office of the addressee on the next business
19 day.

20 _____:   **By Facsimile** — From facsimile machine number (415) 984-8300, I caused each such document to be
   transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008.
21 The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.
   Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission,
22 a copy of which is attached to the original of this declaration.

23 **Addressee(s)**

24 Richard J. Vaznaugh
   Law Office of Richard J. Vaznaugh
25 600 Harrison Street, Suite 120
   San Francisco, CA 94107
26 Tel.: (415) 593-0076
   Fax: (415) 593-0093
27

28      I declare under penalty of perjury that the foregoing is true and correct. Executed on
   September 28, 2007, at San Francisco, California.

                                                              _____
                                                              Grace A. Wayte

1074519221