1  RICHARD J. VAZNAUGH, SBN 173249
   LAW OFFICES OF RICHARD J. VAZNAUGH
2  600 Harrison Street, Suite 120
   San Francisco, CA  94107
3  Telephone: (415) 593-0076
   Fax:       (415) 593-0093
4

5  Attorneys for Plaintiff
   JOE ESMOND
6

7  MARJORIE S. FOCHTMAN, SBN 143201
   PAUL R. LYND, SBN 202764
8  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
9  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
10 Fax:       (415) 984-8300

11 Attorneys for Defendant
   CARGILL INC,
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16 JOE ESMOND,                          No. Case No. C 07-5037 MMC

17              Plaintiff,              **JOINT CASE MANAGEMENT
                                        STATEMENT AND PROPOSED ORDER**
18      vs.
                                        Date:           January 11, 2008
19 CARGILL INC., dba Cargill Salt Co. Company,  Time:    10:30 a.m.
   an entity, and DOES 1-20, inclusive,         Courtroom:  7, 19th Floor
20                                      Judge:          Hon. Maxine M. Chesney
                Defendant.             Date of Removal: September 28, 2007
21                                      Trial Date:     Not Yet Set

22

23

24

25

26

27

28

**JOINT CMC STATEMENT AND PROPOSED**            **Case No. C 07-5037 MMC**
**ORDER**

1    The parties to the above-entitled action submit this Joint Case Management Conference

2    Statement and Proposed Order, and request the Court to adopt it as its Case Management Order for

3    this case:

4                 1.     **Jurisdiction and Service: The basis for the court's subject matter**

5                          **jurisdiction over plaintiff's claims and defendant's counterclaims,**

6                          **whether any issues exist regarding personal jurisdiction and venue,**

7                          **whether any parties remain to be served, and, if any parties remain to be**

8                          **served, a proposed deadline for service.**

9

10    The Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1332, 1441, and

11    1446. There is diversity of citizenship between the parties and the amount in controversy is over

12    $75,000. Defendant timely removed the case to this Court from the Alameda County Superior Court.

13    All parties have been served.

14                 2.     **Facts: A brief chronology of the facts and a statement of the principal**

15                          **factual issues in dispute.**

16    The Parties have been unable to agree to a brief chronology of the facts:

17    **Plaintiff's chronology of the facts is as follows:**

18    Plaintiff was employed by Defendant from approximately October 1978 until on or about

19    June 30, 2006. During the last four years of his employment, Plaintiff worked in a variety of

20    capacities for Defendant and spent much of his time performing duties such as machining mechanical

21    parts, overhauling equipment, invoicing, shop maintenance, welding, forklift maintenance, and

22    operating various forms of manufacturing equipment.

23    During the last four years of his employment, Plaintiff was paid on an annual salary basis of

24    $68,000.00 to $79,500.00 per year. Plaintiff worked in excess of 40 hours per week and eight hours

25    per day at certain times during these periods. However, he was never paid time and a half or double

26    time rates for this overtime or even straight time for hours in excess of 40 in a week or 8 in a day.

27

28

**JOINT CMC STATEMENT AND PROPOSED**
**ORDER**
                      Case No. C 07-5037 MMC

1    At no time did Defendant maintain, or ask Plaintiff to maintain, a record of his actual hours

2  worked or his meal times.  At no time was Plaintiff informed that he was entitled to overtime pay or

3  regular time pay for hours over 8 in a day or 40 in a week.

4    In addition, Plaintiff did not take regular ½ hour uninterrupted meal breaks, or regular rest

5  breaks, and he was not advised that he was required to do.

6    On or about June 30, 2006 and in spite of his competent performance, Plaintiff was separated

7  from his employment.  Plaintiff is informed and believes that certain of his duties, and other duties he

8  could have competently performed, were assigned, instead, to younger workers.

9    In addition, Plaintiff did not receive his final paycheck including all severance pay due.

10  Instead, Tom Miller, a manager for defendant, gave Plaintiff a "Separation Agreement and General

11  Release" that required him to enter into certain agreements with Defendant, including releasing all

12  claims known or unknown against Defendant and entering into a strict confidentiality agreement.

13  Even though Miller pursued him to obtain a signature, Plaintiff did not return a signed agreement.

14  Approximately, 30 days after his separation, Plaintiff nevertheless received a payment from

15  Defendant that appears to be some or part of his withheld severance pay.

16    Plaintiff and Defendant entered into a series of tolling agreements prior to the filing of this

17  lawsuit. Therefore, by agreement between these parties, the statute of limitations on the claims herein

18  were tolled from August 14, 2006 until January 16, 2007.  Plaintiff filed his original complaint

19  alleging the wage and hour violations herein with the California Superior Court on January 16, 2007

20  by facsimile prior to 4:00 p.m. Therefore, Plaintiff's overtime claims include, at least, all pay periods

21  from August 1, 2002 to the date of his separation.

22    Plaintiff timely filed a complaint with the Department of Fair Employment and Housing on

23  June 19, 2007.  Plaintiff timely served a copy of his DFEH complaint and right-to-sue notice on

24  Defendant by certified mail.

25    **Defendant's factual statement is as follows:**

26    Defendant employed Plaintiff between 1978 and 2006 in various positions and at several rates

27  of pay.  Defendant fully and timely paid Plaintiff all wages due from his employment.  During the

28  period at issue in this lawsuit, Defendant maintains that Plaintiff spent a majority of his time

JOINT CMC STATEMENT AND PROPOSED          -3-          Case No. C 07-5037 MMC
ORDER

performing overtime exempt administrative and executive duties, such that Plaintiff's duties qualified for either the administrative or executive overtime exemptions under California law. Defendant qualified for either exemption separately, or together under a combination, or "tacking," of the two exemptions. As an exempt employee, Plaintiff was not subject to California's meal period requirements and, even so, he was provided with meal periods. Defendant also provided Plaintiff with itemized wage deduction statements as required by California law. Finally, Defendant's termination of Plaintiff's employment was based on the elimination of Plaintiff's job and Plaintiff's unsatisfactory job performance, not age discrimination. It also did not breach any implied contract because Plaintiff was an at-will employee and, in any event, his job performance had been unsatisfactory.

**The principal factual issues in dispute are:**

a) Whether Defendant can prove Plaintiff spent sufficient time performing overtime exempt duties to qualify as exempt. Plaintiff contends that during the relevant overtime claim period, he was responsible for performing duties such as machining mechanical parts, overhauling equipment, invoicing, shop maintenance, welding, forklift maintenance, and operating various forms of manufacturing equipment and spent substantial time on these duties. Defendant contends that Plaintiff spent a majority of his time performing administrative and executive exempt duties.

b) Whether Plaintiff can make a reasonable approximation of his claimed unpaid overtime and missed meal periods.

c) Whether Defendant can disprove any part of Plaintiff's reasonable approximation of hours and to what amount.

d) Whether Plaintiff's age was a motivating factor in his termination.

e) Whether Plaintiff's employment was at-will and, if not, whether his employment was terminated for cause based on unsatisfactory performance and job elimination.

**Plaintiff contends that the following are the most principal factual issues:**

f) What are the "administrative and executive exempt duties" that Defendant contends were performed by Plaintiff during the claim period and how much time did Plaintiff allegedly spend on those duties?

g) What is the factual "unsatisfactory performance" which is alleged as a partial basis of Plaintiff's termination?

3.      **Legal Issues:** **A brief statement, without extended legal argument, of the disputed points of law.**

In this case, Plaintiff asserts several causes of action against his former employer. Plaintiff alleges claims under California law for (1) failure to compensate for all hours worked, (2) violation of the Labor Code for failure to pay overtime, (3) failure to provide accurate itemized wage statements and meal periods, (4) failure to pay full wages in violation of Labor Code section 204, (5) waiting time penalties under Labor Code section 203, (6) age discrimination under the Fair Employment and Housing Act, (7) breach of implied contract, and (8) unfair business practices under Business and Professions Code section 17200.

**The central legal questions, some mixed questions of fact and law, are:**

a)      Whether Defendant properly classified Plaintiff as an employee exempt from overtime and California's meal period requirements;

b)      Whether California law allows "tacking," or combining of two overtime exemptions, to satisfy the requirement that an exempt employee must spend a majority of his time performing exempt work;

c)      Whether Plaintiff received meal periods as required by California law;

d)      Whether Defendant provided correct itemized wage deduction statements;

e)      Whether the severance monies withheld by Defendant should have been paid at the time of Plaintiff's separation;

JOINT CMC STATEMENT AND PROPOSED ORDER          -5-          Case No. C 07-5037 MMC

f)      Whether Defendant's failure to pay any wages found to be due Plaintiff was "willful" as required by California Labor Code section 203 for the imposition of waiting time penalties, or rather was the result of a bona fide, good faith dispute;

g)      Whether Defendant provided proper itemized wage deduction statements as required by California Labor Code section 226(a), and whether any failure by Defendant to provide itemized wage deduction statements as required was "knowing and intentional" so as to warrant recovery of penalties under California Labor Code section 226(e); and

h)      Whether Plaintiff was an at-will employee and, if not, whether his employment was terminated without good cause to constitute a breach of implied contract.

4.      **Motions: All prior and pending motions, their current status, and any anticipated motions.**

There have not been any prior motions. No motions are pending. Defendant anticipates bringing a motion for summary judgment as to some or all claims based on evidence obtaining during discovery. Plaintiff may bring a motion for summary adjudication as to the affirmative defense of exemption.

5.      **Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for the amendment of pleadings.**

At this time, the parties do not anticipate amendment of any pleadings. However, Plaintiff reserves the right to amend to add federal claims that overlap his current state claims, such as an FLSA claim.

6.      **Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.**

Plaintiff has preserved documentary and other evidence relevant to the issues here, however most electronic evidence including Plaintiff's work computer is in Defendant's possession.

JOINT CMC STATEMENT AND PROPOSED            -6-            Case No. C 07-5037 MMC
ORDER

1    Upon receiving notice of Plaintiff's claims, Defendant preserved documentary and other

2    evidence relevant to the issues reasonably evident.

3          7.    **Disclosures: Whether there has been full and timely compliance with the**

4          **initial disclosure requirements of Fed. R. Civ. P. 26 and a description of**

5          **the disclosures made.**

6    The parties have stipulated to making their initial disclosures by January 9, 2008, in

7    advance of the case management conference.

8          8.    **Discovery: Discovery taken to date, if any, the scope of anticipated**

9          **discovery, any proposed limitations or modifications of the discovery**

10         **rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).**

11   There has not been any discovery to date. The parties have stipulated to staying

12   discovery until the date of the case management conference. The parties have agreed to the limits on

13   discovery contained in the Federal Rules of Civil Procedure: 10 depositions per side, 25

14   interrogatories per side, 25 requests for admissions per side, and 75 requests for production of

15   documents per side. The parties reserve the right to move the Court to enlarge or reduce these limits

16   as circumstances may warrant.

17   **Plaintiff's Statement:**

18   Plaintiff has notified Defendant that he intends to take the following depositions and asks for

19   reasonable dates for these depositions: Terminating manager Tom Miller, the Cargill Person Most

20   Knowledgeable as to Plaintiff's duties, actual hours, scheduled hours, meal times, rest breaks, and the

21   factual bases for Plaintiff's classification by Cargill as an exempt employee during the four years

22   prior to termination; and the Cargill Person Most Knowledgeable as to the reasons and supporting

23   facts for Plaintiff's termination and the factual basis of any claim that Plaintiff had an at-will

24   agreement.

25         9.    **Class Actions: If a class action, a proposal for how and when the class will**

26         **be certified.**

27   This case is not a class action.

28

**JOINT CMC STATEMENT AND PROPOSED**    -7-           **Case No. C 07-5037 MMC**
**ORDER**

1

2

**10.    Related Cases:  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

3

There are no related cases or proceedings.

4

**11.    Relief:  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.**

5

6

7

8

9

Plaintiff's sought relief:

10

Plaintiff is still in the process of making reasonably approximation of his overtime hours for

11

the 47-month claim period and expects he will have approximately an average of approximately 20 to

12

25 hours per week of overtime. Thus, his unpaid overtime claim will be in the range of $220,000 to

13

$282,000 including the four year claim period for Cal. Bus. & Prof Code sec. 17200 et. seq.

14

Plaintiff also seeks wages from missed meal times and certain labor code penalties, which are

15

still being calculated.  However, failure to make timely payment on any wage payment subjects the

16

employer to the waiting time penalty of 30 days of wages. See California Labor Code sections 200

17

and 203. The mandatory penalty here is $9,173.

18

Plaintiff's economic damage from termination under his FEHA and/or implied contract claim

19

is $79,500 per annum plus an estimated 25% for the value of benefits. Thus, his past economic loss to

20

date for the 1.5 years since termination is $149,000.

21

Future economic loss would continue in the same estimated amount of $99,375 per year until

22

a reasonable retirement date, with appropriate reduction for earnings from any mitigation. These

23

amounts are still being calculated.

24

In addition, pre-judgment interest is due on economic damages. On Plaintiff's California

25

claims, the legal rate in California is 10% per annum. Cal. Civ. Code Secs. 3287(a) & 3289(a).

26

In addition, if he prevails on his FEHA claim, Plaintiff will be entitled to emotional distress

27

damages according to proof.

28

1   Finally, prevailing on his labor code claims or FEHA claim would entitle Plaintiff to

2   attorney's fees and costs pursuant to California Labor Code section 1192, California Code of Civil

3   Procedure section 1021.5, and the FEHA.

4   **Defendant's Statement:**

5   There are not any counterclaims. Defendant maintains that Plaintiff is not entitled to any

6   recovery on his claims. If Defendant is unable to establish the affirmative defense of exemption and

7   Plaintiff is thus due overtime and meal period wages (if also found to have been denied meal

8   periods), Defendant maintains that liability would be based the hourly rate derived from Plaintiff's

9   salary at the relevant time under the method prescribed in California Labor Code section 515(d).

10  Because Plaintiff was classified as an exempt employee, Defendant did not maintain records of

11  Plaintiff's hours worked. At this stage, Defendant is not aware of the overtime hours that Plaintiff

12  claims to have worked. Nonetheless, at the main facility where Plaintiff worked, the operation was

13  small and there was little work to do, so Plaintiff should have worked little, if any, overtime.

14  **12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a**

15  **specific ADR plan for the case, including compliance with ADR L.R. 3-5,**

16  **and a description of key discovery or motions necessary to position the**

17  **parties to negotiate a resolution.**

18  Defendant has complied with ADR Local Rule 3-5 and filed its certification on December 20,

19  2007.

20  Plaintiff will comply with ADR Local Rule 3-5 prior to the CMC.

21  Plaintiff made a pre-litigation demand which Defendant, through its in-house counsel,

22  rejected. There have been no further settlement discussions. The parties do not agree on an ADR

23  method. Plaintiff proposes mediation or a settlement conference before a Magistrate Judge.

24  Defendant proposes an Early Neutral Evaluation. The parties requested an ADR phone conference

25  with the ADR program, which is scheduled for January 7, 2008.

26  **13.    Consent to Magistrate Judge for All Purposes: Whether all parties will**

27  **consent to have a magistrate judge conduct all further proceedings,**

28  **including trial and entry of judgment.**

JOINT CMC STATEMENT AND PROPOSED          -9-                    Case No. C 07-5037 MMC
ORDER

1       The parties do not consent to reassignment to a Magistrate Judge.

2              **14.**      <u>**Other References:**</u> **Whether the case is suitable for reference to binding**

3           **arbitration, a special master, or the Judicial Panel on Multidistrict**

4           **Litigation.**

5      The parties agree that this case is not suitable for any of these references.

6              **15.**      <u>**Narrowing of Issues:**</u> **Issues that can be narrowed by agreement or by**

7           **motion, suggestions to expedite the presentation of evidence at trial (e.g.,**

8           **through summaries or stipulated facts), and any request to bifurcate**

9           **issues, claims, or defenses.**

10      The parties are not aware at this time of any methods that might result in the narrowing of

11 issues.

12              **16.**      <u>**Expedited Schedule:**</u> **Whether this is the type of case that can be handled**

13           **on an expedited basis with streamlined procedures.**

14      The parties do not believe that this case is the type that can be handled on an expedited basis

15 with streamlined procedures.

16              **17.**      <u>**Scheduling:**</u> **Proposed dates for designation of experts, discovery cutoff,**

17           **hearing of dispositive motions, pretrial conference, and trial.**

18      Expert Disclosure: June 1, 2008

19      Cutoff for Fact Discovery: June 15, 2008

20      Rebuttal Expert Disclosure: July 1, 2008

21      Expert Depositions To Conclude: August 10, 2008

22      Cutoff for Hearings on Dispositive Motions: September 1, 2008

23      Meet and confer regarding Pretrial Conference Statement: September 20, 2008

24      Pretrial Conference Statement and Disclosures: October 1, 2008

25      Pretrial Conference: October 10, 2008

26      Trial: November 1, 2008

27              **18.**      <u>**Trial:**</u> **Whether the case will be tried to a jury or the court and the**

28           **expected length of trial.**

1    Plaintiff has requested a jury trial. The parties estimate that jury trial will take approximately

2    10 days to complete. There may be issues of restitution of wages or other equitable relief for the

3    Court to decide pursuant to Plaintiff's Business and Professions Code sec. 17200 claim.

4    **19.    Disclosure of Non-Party Interested Entities or Persons:** **Whether each**

5    **party has filed the "Certification of Interested Entities or Persons"**

6    **required by Civil Local Rule 3-16. In addition, each party must restate in**

7    **the case management statement the contents of its certification by**

8    **identifying any persons, firms, partnerships, corporations (including**

9    **parent corporations) or other entities known by the party to have either:**

10   **(i) a financial interest in the subject matter in controversy or in a party to**

11   **the proceeding; or (ii) any other kind of interest that could be**

12   **substantially affected by the outcome of the proceeding.**

13   Defendant filed its Certification of Interested Entities or Persons on September 28, 2007. In

14   its certification, Defendant provided notice that there is no such interest to report.

15   To the extent applicable, Plaintiff will comply with Local Rule 3-16 prior to the CMC.

16   **20.    Such other matters as may facilitate the just, speedy and inexpensive**

17   **disposition of this matter.**

18   At this time, the parties are not aware of any such matters.

19   DATED: January 4, 2008                          LAW OFFICES OF RICHARD J. VAZNAUGH

20

21                                                   By:    /s/ Richard J. Vaznaugh
                                                           RICHARD J. VAZNAUGH
22                                                         Attorneys for Plaintiff
                                                          JOE ESMOND
23
                                                     NIXON PEABODY LLP
24

25                                                   By:    /s/ Paul R. Lynd
                                                           PAUL R. LYND
26                                                         Attorneys for Defendant
                                                          CARGILL INC.
27

28   10862175.1

JOINT CMC STATEMENT AND PROPOSED          -11-                    Case No. C 07-5037 MMC
ORDER

1

## [PROPOSED] ORDER

2      After due consideration of the issues in the Joint Case Management Statement, the Court

3  adopts the above, including the case schedule, as it Case Management Order.

4      IT IS SO ORDERED.

5

6  Dated: _____

7

8

9                                                      _____
                                                       HON. MAXINE M. CHESNEY
10                                                     District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CMC STATEMENT AND PROPOSED              -12-                    Case No. C 07-5037 MMC
ORDER