**LITIGATION SOLUTIONS** LAW GROUP
Civil Litigation, Trial and
Appellate Representation

John Skelton
direct 650.348.2808
e-mail jskelton@lslg.com

January 22, 2008

**VIA E-MAIL AND FACSIMILE**

Richard J. Vaznaugh
Law Offices of Richard J. Vaznaugh
600 Harrison Street, Suite 120
San Francisco, CA 94107

Paul R. Lynd
David Andrew Kolek
Marjorie Fochtman
Nixon Peabody LLP
One Embarcadero Center
18th Floor
San Francisco, CA 94111

    Re:   *Esmond v. Cargill Inc*.
            U.S. District Court Case No. 3:07-cv-05037-MMC

Dear Counsel:

      As you know, I have been appointed by the United States District Court to serve as the mediator in this case under the court's Mediation Program. I have attached a resume describing my professional experience, as well as a *General Information Summary* that I use for all mediations I conduct, which I trust you and your clients may find helpful. Some sections, particularly those relating to financial issues, do *not* apply to mediations I conduct under the District Court program. Additional information is available on our Web site at www.LSLG.com.

      Please be sure to review *carefully* Northern District ADR Local Rule 6 which governs mediation under the program. This is available on the Court's Web site at www.adr.cand.uscourts.gov/. Pursuant to ADR Local Rule 6-6, I will conduct a telephone conference with all counsel before the formal mediation to discuss the following:

- The nature of the case;
- The procedures to be followed;

1775 Woodside Road
Redwood City, CA 94061
tel 650.364.9110
fax 650.366.8995

All Counsel
January 18, 2008
Page 2

- The appropriate dates for the mediation, and anticipated length of the session;
- The parties who will be present at the session;
- Ideas to improve the effectiveness of the mediation session, or matters that could pose an impediment;
- Requirements for your written mediation statements; and
- Any questions you might have about the District Court Mediation Program, or the mediation process generally.

My assistant, Nancy Sausser, will contact each of you in the next few days to determine your availability for this telephone conference, which I hope to conduct by February 22, 2008, depending upon everyone's availability. I anticipate that this telephone conference will last approximately one-half to three-quarters of an hour. According to District Court procedures, I will ask you to arrange and pay for the cost of setting up the telephone dial-in "bridge" for this conference, through AT&T or some similar service. You may agree among yourselves as to how this may be handled.

I would also ask that each of you e-mail your current contact information to Nancy (nsausser@lslg.com), and particularly your e-mail address, at the first opportunity. Our practice is to utilize e-mail to communicate with you whenever possible, and we ask that you do so with us. It is generally much more efficient, in our experience.

Before the telephone conference, please determine the dates you and your clients (and any other necessary participants or "decision-makers" involved, if applicable) would be available for mediation. By District Court rules, the final date that the mediation can be held is, May 12, 2008,

My office's conflicts check has revealed no actual or potential conflicts-of-interest under 28 U.S.C. §455(a) and (b), and I am not aware of any other circumstances that would compromise my impartiality or appearance of impartiality. However, if you have any specific concerns or questions, please be sure to raise them when we have our initial conference.

I take the issue of conflicts-of-interest very seriously, and am committed to providing our mediation services in an environment of strict impartiality. Please note, though, that I have represented numerous persons and companies over the years, and have worked with many lawyers. While I attempt to advise you of any circumstances I feel may affect a party's perception of my fairness or impartiality, it is also the

All Counsel
January 18, 2008
Page 3

responsibility of the parties and their representatives to bring to my attention any circumstance that they believe might create any conflict-of-interest or other concern.

In the final analysis, though, the ultimate safeguard lies in the fact that mediation is a *voluntary* process, with the participants making their own judgements. The ultimate decision whether to resolve their differences rests with them. The mediator does not decide, or provide legal counsel or advice in any way to any party, but only acts as a *guide* during this process.

I look forward to speaking with you soon, and assisting you and your clients in resolving this matter.

                                          Very truly yours,

                                          John Skelton

JAS/nls
Enclosures
cc:    Alice Fiel
        ADR Case Administrator