

John Skelton
direct 650.556.2168
e-mail jskelton@lslg.com

February 26, 2008

*Via E-mail Only*

Richard J. Vaznaugh, Esq.
Law Offices of Richard J. Vaznaugh
600 Harrison Street, Suite 120
San Francisco, CA. 94107

Marjorie S. Fochtman, Esq.
Paul R. Lynd, Esq.
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600

Re:     *Joe Esmond v. Cargill Inc.*
        U.S. District Court Case No.:  C-07-5037 MMC

Dear Counsel:

This will confirm that all parties have agreed to schedule the mediation of this matter on **Wednesday, May 7, beginning at 9:00 a.m.**, at the United States District Court, located at **450 Golden Gate Avenue, San Francisco**.  Please note that all persons attending must present a valid photo ID to security and clear the metal detectors.  You should report to ADR Reception on the 16th floor to check in, and be directed to our assigned courtroom for that day.

## Mediation Preparation

To make this mediation session as efficient and cost-effective as possible, and provide you with the best opportunity to resolve this matter, I would emphasize the following points to you and your clients:

- Please carefully review Northern District ADR Local Rule 6, which governs mediation under the program, and familiarize your clients with its requirements, as well as the mediation process in general.

- The Northern District's rules governing ADR *require* that *all* parties must be present at any session.  *This is mandatory*.  It is also a simple matter of both courtesy and practicality — *courtesy*, because others are taking the time out from their lives to prepare and attend; *practicality*, because the most meaningful opportunity for resolution through mediation occurs when all the decision-makers are present.

1775 Woodside Road
Redwood City, CA 94061
tel  650.364.9110
fax 650.366.8995

All Counsel
February 26, 2008
Page 2

- As the mediator, the court's ADR rules afford me *no authority or flexibility* in excusing anyone from attending the mediation.  If a party needs to be excused from attendance for good cause, *then written application must be made, not less than fifteen (15) days before the date set for mediation, to Magistrate Judge Wayne Brazil*, who oversees the ADR program (*not* to the judge assigned to your case).  *This is also mandatory***.**  Please consult ADR Rules 2-2 and 6-9 (d) for details, or the District Court ADR unit, if you believe inability to attend may be an issue for you or your client.  Please also be aware that, generally, I do not support such applications except in unusual circumstances, since I feel all necessary parties must be present to have the best chance of settling a case through mediation.

- Mediation is not a passive process.  We urge all participants to spend the necessary time to properly prepare.  The most productive mediations generally occur when all parties and their representatives do their "homework" in advance.

- Lawyers (or other representatives) should talk with their clients well in advance to resolve as many issues as possible that may be impediments to resolution.

- If settlement authority is needed from a person who will not be in attendance, then this should obviously be obtained in advance whenever possible.

- All materials you may wish to use or refer to should be brought with you.  This obviously saves time and prevents delay.

- Written **mediation statements** are required by ADR Local Rule 6-7.  These should be exchanged by the parties, and forwarded to me via E-mail as Adobe PDF files, not later than ten (10) calendar days before the mediation.  Please include any key documents you feel I should read.

  - You are encouraged to keep all submissions focused and to the point.  Please keep in mind that volume does not necessarily equate to clarity.  In many instances, briefs of no more than five or ten pages are the most effective, and we request you keep briefs to no more than twenty-five (25) pages, except in those matters classified as complex.

- If you think it would be helpful, I also invite you to submit to me  — *but not exchange*  —  confidential statements regarding matters you prefer to make me aware of *privately* (*e.g.*, obstacles to or options regarding settlement, or any other

All Counsel
February 26, 2008
Page 3

sensitive matter).  Please mark all private and confidential documents *conspicuously*.

● Please remind your clients and their representatives that mediation is *confidential*. You should review with them the provisions of ADR Local Rule 6-11, as well as Federal Rules of Evidence Rule 408, and explain to them what is required by confidentiality, and the limitations.  The participants will have to sign a written confidentiality agreement on the court's form before the session begins.

● If your case settles, it is generally "best practice" for the parties to sign a written memorandum to memorialize the terms before leaving the mediation.  This helps to protect all concerned by avoiding "buyer's remorse," or other forms of "second thoughts."  It also minimizes the potential for disagreement about terms, which sometimes occurs when there is a delay in reducing an oral agreement to writing.

● You are encouraged to consider in advance whether it is advisable for you to have a form of written settlement agreement available for signature at the mediation, given the circumstances of your particular case.

● If issues arise concerning preparation for mediation, please be sure to discuss these with me in advance, whether jointly with other counsel or privately, as you prefer.

● You will also find additional information that may be of help to you on our Web site at  www.LSLG.com, or the court's Web site at www.adr.cand.uscourts.gov/.

## Mediation Charges and Policies

Under the provisions of ADR Local Rule 6-3(b), mediators in the Northern District program donate their time spent in preparation and the first four hours of the mediation. If a case has not resolved in that time, and the parties all agree to continue with the mediation, the mediator *may* then charge the court-approved reduced rate of $200.00 per hour for the next four hours of mediation.  After eight hours, the Local Rules permit the mediator to charge their customary rate.

I customarily participate in the District Court mediation program as part of my *pro bono* activities, donating *all* my time.  I ordinarily do so, though, in cases where there is a public interest issue of some sort; or parties who can genuinely benefit from mediation but clearly cannot afford it; or some other compelling reason.

All Counsel
February 26, 2008
Page 4

       Since time spent without charge on cases that do not meet those criteria obviously effects my ability to assist with mediation in those cases that do, I reserve the right to charge for any time spent *after* the initial four hours of mediation, assuming the parties want to continue.

       Whether I decide to charge for that additional time will depend upon my evaluation of the circumstances, and I will advise you of my intentions before agreeing to continue on beyond the initial four hours.  My hourly rate for private mediations is $495.00 per hour, though most are conducted on a flat rate for either a half- or full-day session.

       I do look forward to seeing you at the mediation, and working with you and your clients to resolve this matter.  It won't be easy, but this is a case that can and should be settled, despite the obviously divergent interests of the parties.

Very truly yours,

John Skelton

JAS/nls
cc:    Alice Fiel
       ADR Case Administrator

Esmond Scheduling Letter_022208.wpd